CLARK v GENERAL MOTORS CORPORATION, CHEVROLET
ASSEMBLY PLANT

Docket No. 59035. Submitted May 10, 1982, at Lansing.—Decided
June 22, 1982.

Arthur Clark petitioned for workers' compensation benefits after
being injured on his job at General Motors Corporation, Chev-
rolet Assembly Plant. The parties reached a voluntary settle-
ment and a form setting forth the settlement was signed by
plaintiff, defendant, and the administrative law judge. The
judge's decision and order were not sent to the parties until
nearly a month later, and defendant mailed its check for the
agreed amount some three weeks after receipt of the order.
Plaintiff alleged that he was entitled to a penalty payment
because the benefits had not been paid within 30 days of the
date of signing of the voluntary payment form. The administra-
tive law judge awarded a penalty, finding that the defendant
had tendered payment 26 days late. That award was upheld by
the Workers' Compensation Appeal Board, and the defendant
appealed by leave granted. *Held:*

The statute providing for a penalty where benefits are not
paid within 30 days after becoming due and payable where
there is no ongoing dispute requires both that the benefits be
due and payable and that there be no ongoing dispute. An
award is considered to be in dispute while review or appeal is
pending and during the time periods permitted for filing a
claim for review or of appeal. The payment in this case was
timely. The fact that the voluntary payment form stated that
all benefits became due and payable on the date of the agree-
ment did not affect the requirements of the statute. The pen-
alty award was in error.

Reversed.

1. WORKERS' COMPENSATION — DELAY IN PAYMENT — PENALTIES —
STATUTES.

The statute providing for payment of a penalty by an employer

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation § 658.
[2] 82 Am Jur 2d, Workmen's Compensation §§ 459, 462.

who delays payment of workers' compensation benefits for more than 30 days requires that the benefits be due and payable and that there be no ongoing dispute; an award is considered to be in dispute while review or appeal is pending and during the time periods permitted for filing a claim for review or of appeal (MCL 418.801[2]; MSA 17.237[801][2]).

2. WORKERS' COMPENSATION — VOLUNTARY SETTLEMENTS — PROCE-
    DURE.

The rules of the Bureau of Workers' Compensation require the same procedures to be followed in contested cases as in voluntary settlements insofar as in both cases the matter must be submitted to an administrative law judge who must resolve the matter by a decision and subsequently issue an order.

*Robert J. MacDonald,* for plaintiff.

*Munroe & Nobach, P.C.* (by *Richard S. Weiser),* for defendant.

Before: ALLEN, P.J., and CYNAR and C. J. FALA-
HEE,* JJ.

C. J. FALAHEE, J. The plaintiff sustained a work-related injury and petitioned the Bureau of Workers' Compensation for benefits. The parties settled the issues on the date of hearing, August 22, 1979. The plaintiff, defendant, and administrative law judge signed a voluntary payment form the following day. The decision and order of the administrative law judge, which incorporated the terms of the voluntary agreement, were not mailed to the parties by the bureau until September 25, 1979. Defendant mailed its check for the agreed amount on October 18, 1979. Plaintiff thereafter petitioned for imposition of a penalty of $50 per day, alleging that the benefits were not paid within 30 days of August 23, 1979, the date the parties and the administrative law judge signed the voluntary pay-

* Circuit judge, sitting on the Court of Appeals by assignment.

ment forms. The administrative law judge agreed with plaintiff, finding that defendant had tendered payment 26 days late. Accordingly, a $1,300 penalty was levied. The decision was affirmed by the Workers' Compensation Appeal Board and now defendant appeals to this Court by leave granted.

The voluntary payment form which was signed by the parties and the administrative law judge on August 23, 1979, states in bold print as follows:

"NEITHER THE PAYMENT OF COMPENSATION OR THE ACCEPTING OF THE SAME BY THE EMPLOYEE OR HIS DEPENDENTS SHALL BE CONSIDERED AS A DETERMINATION OF THE RIGHTS OF THE PARTIES UNDER THIS ACT.

"ALL BENEFITS BECOME DUE AND PAYABLE ON THE DATE OF THIS AGREEMENT."

MCL 418.801; MSA 17.237(801) provides:

"(1) Compensation shall be paid promptly and directly to the person entitled thereto and shall become due and payable on the fourteenth day after the employer has notice or knowledge of the disability or death, on which date all compensation then accrued shall be paid. Thereafter compensation shall be paid in weekly installments. Every carrier shall keep a record of all payments made under the provisions of this act and of the time and manner of making such payments and shall furnish reports, based upon these records, to the bureau as the director may reasonably require.

"(2) If weekly compensation benefits, accrued weekly benefits, medical bills, or travel allowance are not paid within 30 days after becoming due and payable in cases where there is no ongoing dispute, $50.00 per day shall be added and paid to the worker for each day over 30 days in which the compensation, medical bills, or travel allowance are not paid. Not more than $1,500 in total may be added pursuant to this subsection."

The controversy in this case focuses on the date

that the ongoing dispute ceased. A review of pertinent portions of the bureau's rules should be helpful in highlighting the dispute. Rule 3, 1980 AACS, R 408.33, effective September 3, 1980, provides:

"(2) The following subdivisions shall govern the administration and enforcement of the penalty provisions provided under section 801 of the act:

\* \* \*

"(b) When a case is in litigation and the defendant agrees to pay benefits on a voluntary basis, the administrative law judge shall specify the weekly compensation rate, the period of time for which accrued benefits have become due, and which medical bills shall be paid by the carrier as a result of the injury or disability. If the benefits agreed to are not paid within 30 days of the date the agreement is formalized by the administrative law judge, then the carrier shall pay to the employee $50.00 per day for each day after 30 days that the benefits remain unpaid, not to exceed $1,500.00."

Rule 10g, 1980 AACS, R 408.40g provides:

"(1) All cases assigned to the administrative law judge shall be resolved by decision. Such decisions shall be written within 30 days of trial completion and shall be prepared for mailing with dispatch by the bureau.

\* \* \*

"(4) In cases that are voluntarily paid, there shall be a decision issued outlining the agreement with respect to the voluntary payment."

Rule 6, 1979 AC, R 408.36 provides:

"(1) Upon filing of the order in writing, the bureau shall furnish a copy of the order to each interested party. Upon mailing or personal service, the original order and copies shall show a mailed date or acknowledgment of personal service on their face, from which

date the appropriate appeal period shall run. The mailed date shall also be considered the filed date for the order."

Unless a claim for review is filed within 15 days, the hearing referee's order shall stand as the order of the bureau. MCL 418.851; MSA 17.237(851).

Defendant contends, based on the above-cited statutes and rules, that an ongoing dispute existed in the present case until the decision of the administrative law judge was rendered, followed by an order mailed to the parties and the expiration thereafter of the 15-day period for filing a claim for review.

Defendant's position is supported by this Court's interpretation of MCL 418.801(2); MSA 17.237(801)(2) in *Charpentier v Canteen Corp,* 105 Mich App 700; 307 NW2d 704 (1981), *lv den* 412 Mich 887 (1981). There, after a hearing, an administrative law judge determined that the plaintiff was entitled to workers' compensation benefits. An order mandating payment was mailed by the bureau on April 13, 1978. A check for 70% of the award was received by plaintiff on May 10, 1978. Defendant's delayed application for review was denied by the board on June 9, 1978, and the remaining compensation due was received by plaintiff on August 8, 1978. Thereafter, plaintiff filed a petition for hearing, alleging that payment was not made in a timely fashion, as required by the penalty provision. The administrative law judge and board found for the defendant, determining that the 30-day grace period did not begin until the award was due and payable and there was no longer an ongoing dispute. They concluded that the dispute continued during the 15-day period following the award, MCL 418.851; MSA 17.237(851), and during the 30 days following the

board's June 9, 1978 denial of review, MCL 418.861; MSA 17.237(861). This Court affirmed, stating:

"We believe the statute was correctly applied by the administrative law judge and the board. We interpret the phrase 'within 30 days after becoming due and payable in cases where there is no ongoing dispute' as imposing two requirements for the commencement of the 30-day grace period: (1) the benefits must be due and payable; and (2) there must be no ongoing dispute. An award is to be considered in dispute while review or appeal is pending and during the time periods permitted for filing a claim for review or of appeal." 105 Mich App 700, 705. (Footnote omitted.)

The difference between this case and *Charpentier, supra,* is that in *Charpentier* the administrative law judge's decision resulted from a hearing on the merits, and this case was terminated by a voluntary settlement. The bureau rules require that the same procedure be followed in contested cases as in voluntary settlements. Once submitted to an administrative law judge, the judge must resolve the matter by a decision which is followed by an order. In addition, it must be noted that the settlement was inoperative in terms of workers' compensation law in the instant case until formalized. Presumably, until formalized, either party could reconsider, which would result in a hearing on the merits. This is true even in this case where the agreement stated: "All benefits become due and payable on the date of this agreement."

The decision of the Workers' Compensation Appeal Board is reversed, the payment in this case having been made within 30 days from the time the final order was received.

Reversed.