Per Curiam.
 

 In these consolidated appeals, plaintiffs Laurie Morley and Wanda Benford, as personal repre
 
 *289
 
 sentative of the estate of Gregory Benford, deceased, appeal by leave granted from orders of the Worker’s Compensation Appellate Commission (WCAC) reversing the imposition of penalties on defendants for failing to make timely payments under voluntary payment agreements. We reverse.
 

 Morley and Gregory Benford sustained work-related injuries and petitioned the bureau for benefits. Both plaintiffs resolved their claims by entering into voluntary payment agreements with their respective employers. These agreements were signed by magistrates and personally served on the parties. Neither plaintiff received the payment provided for under their respective voluntary agreements within the thirty days following the time their agreements were signed by the magistrate and served on the parties. After failing to timely receive the benefits due under their voluntary payment agreements, plaintiffs requested penalties pursuant to MCL 418.801.
 
 [1]
 
 The magistrate in each case concluded that the voluntary payment agreements were enforceable and that the penalties for the late payments began to accrue thirty days after the agreements were signed and served on the parties.
 

 The WCAC reversed these decisions and concluded that no authority existed for awarding penalties because the voluntary payment agreements failed to constitute enforceable orders. According to the WCAC,
 
 *290
 
 MCL 418.801 only recognized orders on the merits and redemption agreements as enforceable payment obligations. The wcac reasoned that granting voluntary payments enforceable weight would circumvent the dispute resolution process established by the Legislature. Furthermore, the WCAC noted that MCL 418.831 provides that the payment or acceptance of benefits does not constitute a determination of the parties’ rights under the Worker’s Disability Compensation Act (wdca), MCL 418.101
 
 et seq.
 
 The wcac asserted that imposing a punishment for breaking a voluntary promise to pay benefits would interfere with the protection established under that statute. On the basis of this rationale, the wcac declared subrule 3(2)(b), 1980 AACS, R 408.33(2)(b), to be unenforceable.
 

 On appeal, plaintiffs contend that the wcac erroneously concluded that subrule 3(2) (b) conflicts with the worker’s compensation statute, thereby rendering voluntary payment agreements unenforceable and not subject to late payment penalties. We agree. We review de novo questions of law involved in a final order of the wcac.
 
 Mudel v Great Atlantic & Pacific Tea Co,
 
 462 Mich 691, 697, n 3; 614 NW2d 607 (2000).
 

 The bureau director is authorized to establish rules to carry out the provisions of the wdca. MCL 418.205. A rule adopted by an agency in accordance with the Administrative Procedures Act, MCL 24.201
 
 et seq.,
 
 is a legislative rule that has the force and effect of law.
 
 Clonlara, Inc v State Bd of Ed,
 
 442 Mich 230, 239-240; 501 NW2d 88 (1993). The bureau instituted subrule 3(2)(b), which states:
 

 (2) The following subdivisions shall govern the administration and enforcement of the penalty provisions provided under section 801 of the act:
 

 
 *291
 
 (b) When a case is in litigation and the defendant agrees to pay benefits on a voluntary basis, then the administrative law judge shall specify the weekly compensation rate, the period of time for which accrued benefits have become due, and which medical bills shall be paid by the carrier as a result of the injury or disability. If the benefits agreed to are not paid within 30 days of the date the agreement is formalized by the administrative law judge, then the carrier shall pay to the employee $50.00 per day for each day after 30 days that the benefits remain unpaid, not to exceed $1,500.00.
 

 The fact that the wdca explicitly recognizes decisions on the merits and redemptions as methods by which worker’s compensation cases can be resolved does not preclude resolution by voluntary payment agreements. Indeed, MCL 418.801(2) recognizes the concept of voluntary payment agreements by specifically providing for penalties if the parties fail to pay benefits in a timely manner “in cases where there is not an ongoing dispute . . . .” When the parties have entered into a voluntary payment agreement, the dispute has effectively been terminated. Thus, contrary to the wcac’s assertion, granting voluntary payment agreements enforceable weight does not circumvent the dispute resolution process established by the wdca.
 

 Moreover, affording voluntary payment agreements enforceable weight does not interfere with the protection established by MCL 418.831.
 
 [2]
 
 The parties to a dispute can agree to resolve a case without a determination of their rights under the wdca. Language on the voluntary payment agreement form indicates that it is
 
 *292
 
 not to be considered a determination of rights. The Court in
 
 Clark v General Motors Corp,
 
 117 Mich App 387, 392; 323 NW2d 714 (1982), noted that this language appeared on the voluntary payment agreement form and still concluded that penalties are available in voluntary payment cases.
 
 [3]
 
 “The bureau rules require that the same procedure be followed in contested cases as in voluntary settlements.”
 
 Id.
 
 Both MCL 418.801(2) and subrule 3(2)(b) recognize the concept of voluntary payment agreements and provide for penalties if benefits are not paid in a timely manner. Thus, we reject the wcac’s assertion that sub-rule 3(2) (b) is unenforceable because it conflicts with the wdca. We further note that this conclusion is in accordance with public policy and the Legislature’s intent that worker’s compensation cases be resolved in a timely manner in order to provide relief for injured workers. See
 
 McAvoy v HB Sherman Co,
 
 401 Mich 419, 437; 258 NW2d 414 (1977).
 

 Reversed.
 

 [1]
 

 MCL 418.801 provides in relevant part:
 

 (2) If weekly compensation benefits or accrued weekly benefits are not paid within 30 days after becoming due and payable, in cases where there is not an ongoing dispute, $50.00 per day shall be added and paid to the worker for each day over 30 days in which the benefits are not paid. Not more than $1,500.00 in total may be added pursuant to this subsection.
 

 [2]
 

 MCL 418.831 provides “Neither the payment of compensation or the accepting of the same by the employee or his dependents shall be considered as a determination of the rights of the parties under this act.”
 

 [3]
 

 At the time
 
 Clark
 
 was decided, subrule 10g(4), 1979 AACS, R 408.40g(4), since rescinded, required the entry of an order outlining the terms of the agreement in every voluntary payment case.
 
 Clark, supra
 
 at 390. The
 
 Clark
 
 Court denied a penalty request on the basis of the facts before it and the application of Rule lOg.
 
 Clark, supra
 
 at 392.