RIVERSIDE MACHINERY DEPOT *v.* AMERICAN STEEL
SUPPLY SYNDICATE.

1. CHATTEL MORTGAGES—CONDITIONAL SALES CONTRACTS.
   Conditional sales contracts, which reserved title in the
   seller by way of security, were properly *held*, in law,
   chattel mortgages.[1]

2. SAME—BANKRUPTCY—REFEREE IN BANKRUPTCY NOT ENTITLED TO
   SET ASIDE REPLEVIN PROCEEDINGS BROUGHT BEFORE HIS APPOINT-
   MENT.
   Since creditors of a chattel mortgagor have no lien prior
   to the mortgage, where the goods were replevined and
   sold under the mortgage before proceedings in bankruptcy
   were commenced, the referee in bankruptcy was not en-
   titled to intervene and have the replevin judgment set
   aside on the ground that the mortgage was void as to
   the creditors because unfiled.[2]

Error to Wayne; Moynihan (Joseph A.), J.    Sub-
mitted June 2, 1925.    (Docket No. 5.)    Decided July
16, 1925.

Replevin by the Riverside Machinery Depot against
the American Steel Supply Syndicate.    There was
judgment for plaintiff by default, and on petition of
the Detroit Trust Company, trustee in bankruptcy of
defendant, the default and judgment were set aside.
Judgment for defendants on a directed verdict.    Plain-
tiff brings error.    Reversed.

*Moloney, Brusstar & Wobrock,* for appellant.

SHARPE, J.    The defendant syndicate corporation
executed four written instruments, assumed to be con-
ditional sale contracts, on the purchase of certain goods

---

[1]Chattel Mortgages, 11 C. J. § 14; [2]Bankruptcy, 7 C. J. § 282.

from the plaintiff, on March 27th, May 6th, May 31st, and July 1, 1918. There was default in payment; demand for possession was refused. On October 3, 1918, plaintiff brought replevin, and the property described in the writ was delivered to it. The defendant did not appear. Its default was entered on November 2d, judgment obtained on November 16th, and the property soon after sold by plaintiff.

On October 26, 1918, an involuntary petition in bankruptcy was filed against the syndicate corporation. It was adjudged a bankrupt. On January 21, 1919, the defendant trust company was appointed trustee of the bankrupt estate. On February 25, 1919, it filed a petition for leave to intervene and to set aside the default and judgment entered. The prayer of the petition was granted on December 5, 1919, and on February 14, 1922, it filed its plea and a notice thereunder. On the trial which followed, the defendant having waived a return of the property, the court entered judgment in its favor on a directed verdict for $8,781.58. This judgment plaintiff reviews by writ of error.

1. The trial court held that the instruments by which title was reserved in the plaintiff were in law chattel mortgages, or liens securing payment. In this he was clearly right. The provisions in them were quite similar to those in the instrument considered in *Nelson* v. *Viergiver*, 230 Mich. 38, not then decided. Plaintiff's counsel do not discuss the assignment of error based on such holding, so we do not further consider it.

2. As before stated, these mortgages were executed on May 31st and prior thereto. The sheriff took possession of the property under the writ of replevin on October 3d. The petition in bankruptcy was not filed until October 26th. The judgment against defendant was obtained and the property sold before the

trustee's petition for leave to intervene and defend was filed.

In directing a verdict, the court held that, as the chattel mortgages were not filed as required by the statute, they were void as to the claim of the trustee in bankruptcy representing the creditors of the insolvent.

At that time the decision of this court in *Peter Schuttler Co.* v. *Gunther*, 222 Mich. 430, had not been handed down. It was there held (quoting from the syllabus):

"Although creditors have a right to proceed to reach property covered by a chattel mortgage void because unfiled, they are given no lien under the statute which is prior to the lien of the mortgage, and where no action is taken before bankruptcy the right is lost."

We can see no distinction between the facts presented in that case and the one before us.

Our attention has been called to a late decision of the circuit court of appeals, sixth circuit (*Johnson* v. *Stimpson Computing Scale Co.*, 2 Fed. [2d Series] 699). It is suggested that the court there placed a different construction upon the provision in the bankruptcy act than this court did in the *Gunther Case*. An examination of the record and briefs in that case will disclose that the holding was based on the provision in the Kentucky statute reading as follows:

"The word 'creditors' as used herein shall include all creditors irrespective of whether or not they may have acquired a lien by legal or equitable proceedings or by voluntary conveyance."

On the record as made, the motion of plaintiff for a directed verdict should have been granted.

The judgment is reversed and set aside, with costs to plaintiff, and a new trial granted.

McDONALD, C. J., and CLARK, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.