AUGUST v. POZNANSKI.

1. PLEADING—DEFENSES—DENIAL—SUMMARY JUDGMENT.
   An answer which denies material facts in the complaint pleads a valid defense, and summary judgment against the defendant for failure to plead a valid defense is error (GCR 1963, 117).

2. MOTIONS—SUMMARY JUDGMENT—COURT RULES.
   The court, in deciding a motion for summary judgment made by one party, may render summary judgment in favor of the party opposing the motion if it appears that the opposing party rather than the moving party is entitled to it, without the necessity of the opposing party moving for summary judgment in his own favor (GCR 1963, 117.3).

3. CHATTEL MORTGAGES—VALIDITY—RECORDING—STATUTE.
   The statute applying to chattel mortgages before the Uniform Commercial Code became effective provided that an unrecorded chattel mortgage was void as to any creditor who extended credit to the mortgagor (CL 1948, § 566.140).

4. CHATTEL MORTGAGES—UNRECORDED MORTGAGE—INTERIM CREDITORS —PRIORITY.
   Before the Uniform Commercial Code became effective, one who became a creditor of a chattel mortgagor while the mortgage was unrecorded had a superior right to the chattels over the mortgagee who had taken possession, but the right had to be exercised before the bankruptcy of the mortgagor or it was lost.

5. STATUTES—UNIFORM COMMERCIAL CODE—APPLICABILITY.
   The Uniform Commercial Code as adopted in Michigan provides that it shall apply to all transactions and events occurring after its effective date, January 1, 1964 (MCLA § 440.9991).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  41 Am Jur, Pleading §§ 340–342.
[3, 4]  15 Am Jur 2d, Chattel Mortgages §§ 102, 103, 105.
[5]  15 Am Jur 2d, Chattel Mortgages § 1 et seq.
[6–9]  9 Am Jur 2d, Bankruptcy §§ 973, 974.

6. CHATTEL MORTGAGES—BANKRUPTCY—PRIORITIES—UNIFORM COM-
   MERCIAL CODE.
   Determination of priorities between general creditors of a bank-
   rupt chattel mortgagor and the mortgagee in possession of the
   chattels is governed by the Uniform Commercial Code where
   possession continued after the effective date of the code and
   the bankruptcy which raised the question of priorities occurred
   after that date.

7. CHATTEL MORTGAGES—SECURITY INTEREST—PERFECTION—POSSES-
   SION—UNIFORM COMMERCIAL CODE.
   Possession of mortgaged chattels by the mortgagee perfects the
   mortgagee's security interest under the Uniform Commercial
   Code (MCLA § 440.9305).

8. CHATTEL MORTGAGES—SECURITY INTEREST—PERFECTION—PRIORI-
   TIES—UNIFORM COMMERCIAL CODE.
   Perfection of a chattel mortgagee's security interest establishes
   his priority rights to the chattels as against conflicting security
   interests under the Uniform Commercial Code (MCLA § 440-
   .9312[5][b]).

9. CHATTEL MORTGAGES—PRIORITIES—SECURITY INTEREST—PERFEC-
   TION—INTERIM CREDITORS—BANKRUPTCY—UNIFORM COMMERCIAL
   CODE.
   Perfection of a chattel mortgagee's security interest by taking
   possession of the chattels and continuing in possession after
   the effective date of the Uniform Commercial Code was suffi-
   cient to defeat a claim of the trustee in bankruptcy of the
   mortgagor under the "strong-arm" provision of the Bank-
   ruptcy Act where the bankruptcy did not occur until about
   three months after the effective date of the UCC (MCLA
   §§ 440.9305, 440.9312[5][b], 440.9991; 11 USC § 110[c]).

Appeal from Court of Appeals, Division 1, Hol-
brook, P. J., and Burns and Fitzgerald, JJ., denying
application for delayed appeal from Wayne, Charles
Kaufman, J . Submitted December 3, 1969. (Calen-
dar No. 33, Docket No. 51,896.) Decided March 9,
1970.

Complaint by Irving A. August as trustee in bank-
ruptcy of George Cairns, to recover fixtures, inven-
tory and liquor license of a bar from Anton Poznan-

ski and Mary Poznanski. Summary judgment for plaintiff. Defendants' application for delayed appeal to the Court of Appeals denied. Defendant Mary Poznanski appeals. Reversed.

*Philip A. Gillis,* for defendant.

T. G. KAVANAGH, J. In July, 1960, Anton Poznanski sold his bar in Detroit to George Cairns for $40,-000, taking a note for $30,000, the unpaid balance of the purchase price. The note was secured by a chattel mortgage on the furniture and equipment of the bar and an agreement that Cairns would reassign the Class C liquor license upon default in paying the note. The chattel mortgage was not recorded.

In November, 1963, Cairns transferred the bar back to Poznanski and Poznanski's wife, Mary Poznanski, who is the appellant here. They operated the bar until June, 1965 when it was sold for $20,000 cash.

Meanwhile, in March, 1964, Cairns filed a voluntary petition in bankruptcy. His trustee instituted the present action in August, 1964, alleging that the November, 1963, transfer from Cairns was a repossession under a void mortgage; that between July, 1960, and November, 1963, there were creditors of the bankrupt as to whom the unrecorded mortgage was void; and asking that appellant and her husband be required under § 70(c) of the Bankruptcy Act to turn over the fixtures, inventory and Class C license to the trustee, or, in the event of sale, the proceeds thereof. Appellant and her husband filed an answer denying that the November, 1963, transfer was repossession under the mortgage and denying the existence of the interim creditors.

Defendants pleaded affirmatively that the plaintiff and the bankrupt's creditors were guilty of

laches and were estopped to assert any rights they might otherwise have because they knowingly permitted defendants to invest months of time and effort in the business before asserting their claim. Defendants further alleged that the Class C liquor license was transferred to them pursuant to a valid contract to reassign between Anton Poznanski and Cairns. Plaintiff failed to reply to these allegations as demanded by the answer.

Plaintiff subsequently moved for summary judgment, alleging the defendant's answer failed to state a valid defense. The motion was granted by Honorable Charles Kaufman in Wayne County circuit court as to liability, leaving for a later determination the value of the property.

Based upon appellant's testimony on deposition that the bar had been sold by her and her husband for $20,000, plaintiff moved for and was granted, on April 5, 1967, an amended summary judgment for $20,000. (Defendant Anton Poznanski died before entry of judgment.)

The allegation in the complaint that the "trade fixtures, inventory and Class C liquor license indicated above, were repossessed by the defendants herein" was "denied as stated", and the appellant's brief asserts that the Class C license was not covered by the chattel mortgage. The record supports that contention.

The appeal raises questions of procedural and substantive law.

As to the procedural question, appellant asserts that summary judgment for plaintiff was improper because she did not acquire her interest in the mortgaged property by foreclosure or otherwise by virtue of the mortgage. For this reason she argues that there are disputed issues of fact not properly determinable in a summary manner.

We agree that the judgment entered below was improper. We set it aside however, not because there are disputed facts, but rather because the denial of material facts is the pleading of a valid defense.

Appellant also argues that even if she had taken possession of the goods under the mortgage as claimed and the facts were as stated by the plaintiff, she would be entitled to judgment as a matter of law because of plaintiff's failure to state a claim upon which the relief could be granted.

GCR 1963, 117.3 provides in part:

"If it appears that the opposing party rather than the moving party is entitled to judgment, the court may render summary judgment in his favor without necessity of a motion therefor."

Such is the case at bar.

Summary judgment for the defendant should have been granted based upon the following considerations.

In 1960, when the chattel mortgage was given to secure the balance due on the purchase contract, and in November, 1963, when the defendants went back into possession, the applicable statute provided[1] that an unrecorded mortgage was void as against any creditor who extended credit to the mortgagor.

The case of *Ransom & Randolph Co.* v. *Moore* (1935), 272 Mich 31, held that a creditor levying on chattels in the hands of the mortgagee had a superior right to them.

The creditors must exercise the right, however, or it will be lost upon the bankruptcy of the mortgagor. *Peter Schuttler Co.* v. *Gunther* (1923), 222 Mich 430; *Riverside Machinery Depot* v. *American Steel Supply Syndicate* (1925), 232 Mich 22.

---

[1] CL 1948, § 566.140 (Stat Ann 1953 Rev § 26.929, repealed by PA 1962, No 174, § 9992.

In *Ransom & Randolph Co.* v. *Moore, supra,* the court distinguished the trustee's position from the trustee's position in *Peter Schuttler, supra,* by holding that the levy prior to the bankruptcy by the creditor perfected the right under which the trustee claimed. In the instant case the creditors do not appear to have perfected their liens prior to the bankruptcy and accordingly the trustee could not reach the property. See *Schueler* v. *Weintrob* (1960), 360 Mich 621, wherein it was held that the "strong arm" provision of § 70(c) of the Bankruptcy Act,[2] did not give the trustee power to act prior to the date of filing of the petition in bankruptcy. See also *Lewis* v. *Manufacturers National Bank of Detroit* (1961), 364 US 603 (81 S Ct 347, 5 L Ed 2d 323).

Whatever the validity of this distinction we regard this matter as moot since the adoption of the Uniform Commercial Code. Michigan's version of the UCC provides that the "code" shall become effective on January 1, 1964, and apply to all "transactions and events occurring after the effective date."[3] We hold that the code applies to this case and that it is determinative of the outcome.

The mortgagee, Poznanski, went into possession of the goods in question approximately one month before the code became effective and about four months before the mortgagor declared bankruptcy. The question of priorities to those chattels did not arise until the bankruptcy occurred—three months after the code went into effect. As far as this case is concerned, the bankruptcy and the continued possession of the goods by the mortgagee are the con-

---

[2] National Bankruptcy Act, 30 Stat 562, 565 (1898), as amended by 66 Stat 429, 430 (1952), 11 USC § 110(c).

[3] MCLA § 440.9991 (Stat Ann 1964 Rev § 19.9991).

trolling events.   Both of these events occurred after the code's effective date.

It was at the date of the bankruptcy that the trustee had to assemble the property of the bankrupt for administration.   It was at that date that the priorities question arose.   See *Lewis* v. *Manufacturers National Bank, supra.*   According to the code, such events which occur after its effective date are controlled by its provisions.[4]

Since the code controls we must determine who has priority thereunder to those chattels which were in the possession of the mortgagee.

The UCC provides that possession of the mortgaged chattels by the mortgagee perfects the mortgagee's security interest (MCLA § 440.9305 [Stat Ann 1964 Rev § 19.9305]).   Further, the code provides that such perfection of the security interest establishes the mortgagee's priority rights to those chattels (MCLA § 440.9312[5][b] [Stat Ann 1964 Rev § 19.9312(5)(b)]).   Therefore, in such a priority situation the perfection of the security interest by the mortgagee is sufficient to defeat the claims by a trustee in bankruptcy under § 70(c) of the Bankruptcy Act.[5]

---

[4] Instead of adopting a general coverage provision (as Michigan did in § 9–991), New York adopted an "Article X" to their version of the UCC.   It attempted to spell out the transition "events" to which their code applied.   One of the listed "events" was the instance of a post-code repossession of goods which were sold before the code's adoption.   § 10–102(3)(c) of New York's UCC states that such a repossession is a perfection; a late perfection by filing under companion § 10–102(3)(b) has been held good as against a trustee in bankruptcy claiming under § 70(c), *Lynch* v. *County Trust Co.* (CA 2, 1968), 404 F2d 1149, 5 UCCRS 1165.   Thus the New York Code spelled out what we conclude our general provision intended to govern.

[5] Our holding in this regard is consonant with the decision in *In re Simpson* (1966), 4 UCCRS 243, wherein the referee held that a repossession under a void chattel mortgage perfected the mortgagee's security interest and was good as to a claim by the trustee in bankruptcy under § 70(c) of the Bankruptcy Act.

For the foregoing reasons the defendant is entitled to judgment.

Reversed with costs to appellant.

T. E. BRENNAN, C. J., and DETHMERS, KELLY, BLACK, T. M. KAVANAGH, and ADAMS, JJ., concurred with T. G. KAVANAGH, J.