ROSELAND INN, INC v McCLAIN

Docket No. 57339. Submitted January 8, 1982, at Lansing.—Decided
August 24, 1982. Leave to appeal applied for.

The township board of Blackman Township, after notification to
Roseland Inn, Inc., of several fire safety, electrical, plumbing,
and public health violations in Roseland Inn's tavern, held a
hearing to determine whether the township should object to the
renewal of Roseland Inn's liquor licenses or request revocation
of the licenses. Following the hearing the board voted to
recommend nonrenewal and revocation of the licenses to the
Michigan Liquor Control Commission. Roseland Inn, Inc., then
brought an action against Robert D. McClain, the township
supervisor, Blackman Township and the Liquor Control Com-
mission seeking to enjoin the defendants from taking any
action to revoke or fail to renew plaintiff's liquor licenses. The
Jackson Circuit Court, Gordon W. Britten, J., denied relief, and
plaintiff appealed, alleging that the township board's decision
was arbitrary and capricious. *Held:*

1. The Liquor Control Commission is required to revoke or
deny renewal of a liquor license when requested by a local
legislative body and the licensee has been afforded proper
notice and a hearing. The local body may not, however, act
arbitrarily or capriciously in its recommendation.

2. The fitness and safety of a particular building in which a
liquor business is carried on is a relevant factor in the determi-
nation of whether the license should be revoked or not re-
newed.

3. Due process requires that a licensee be given notice of
what criteria would result in the local legislative body's initia-
tion of revocation or nonrenewal proceedings. In this case the
absence of such standards promotes arbitrary and capricious
actions on the part of the township board, and the lack of fair

REFERENCES FOR POINTS IN HEADNOTES
[1] 45 Am Jur 2d, Intoxicating Liquors § 155.
[2] 45 Am Jur 2d, Intoxicating Liquors §§ 183, 187.
[3] 45 Am Jur 2d, Intoxicating Liquors §§ 189-191.

notice of such standards violates the plaintiff's right to due process.

Reversed.

1. INTOXICATING LIQUORS — LICENSES — REVOCATION OR NONRENEWAL OF LICENSE.

Local governmental units are given broad power to control the existence of liquor licenses within their jurisdictions; the Liquor Control Commission must revoke or deny renewal of a liquor license where a local legislative body requests such action and has given the licensee proper notice and a hearing; however, the local legislative body may not act arbitrarily and capriciously in making its recommendation (MCL 436.17; MSA 19.988).

2. INTOXICATING LIQUORS — LICENSES — REVOCATION OR NONRENEWAL OF LICENSE.

The fitness and safety of a particular building in which a liquor business is carried on is relevant to a determination of whether the liquor license of that business should be revoked or not be renewed.

3. INTOXICATING LIQUORS — LICENSES — DUE PROCESS — REVOCATION OR NONRENEWAL OF LICENSE.

The holder of a liquor license has a property interest in that license and is entitled to due process protection against arbitrary or capricious decision-making by a local legislative body; due process requires that the licensee be given notice of a proposed action to revoke or not to renew the license and the reasons for the action, a hearing in which the licensee may present evidence and testimony and confront adverse witnesses, and a written statement of the legislative body's findings; additionally, a licensee should be given notice of what criteria would result in the local body's initiation of nonrenewal or revocation proceedings.

*Jerome A. Susskind,* for plaintiff.

*Rogers & Weatherwax, P.C.,* for Blackman Township and Robert D. McClain.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *A. C.Stoddard* and *Larry F. Brya,* Assistants Attorney General, for the Liquor Control Commission.

Before: M. F. CAVANAGH, P.J., and BRONSON and BEASLEY, JJ.

M. F. CAVANAGH, P.J. Plaintiff sued defendants in Jackson County Circuit Court, seeking to enjoin them from taking any action to revoke or fail to renew its liquor licenses. The request for injunctive relief was denied, and plaintiff appeals by right.

Plaintiff's liquor licenses were used in connection with its tavern, The Gallery, located in Blackman Township, Jackson County. Following several inspections of The Gallery by township officals, plaintiff was notified of numerous existing fire safety, electrical, plumbing, and public health violations. A short time thereafter, plaintiff received a notice that a hearing was to take place to determine whether the Blackman Township Board should object to the renewal of plaintiff's liquor licenses or should request that the liquor licenses be revoked. A hearing was held at which township officials, residents, and plaintiff's representatives spoke. The board made findings of fact on the alleged violations and complaints and voted to recommend nonrenewal and revocation of plaintiff's liquor licenses. Plaintiff then began suit seeking to enjoin defendants from taking such action.

Plaintiff first argues on appeal that the township board's decision to recommend nonrenewal and revocation of plaintiff's liquor licenses was arbitrary and capricious and should not have been upheld by the trial court.

Section 17 of the Michigan Liquor Control Act authorizes the Liquor Control Commission to issue, renew, and revoke liquor licenses subject to a broad provision for control by local government units. The statute provides in pertinent part:

"An application for a license to sell beer and wine or spirits for consumption on the premises, except in a city having a population of 1,000,000 or more, shall be approved by the local legislative body in which the applicant's place of business is located before being granted a license by the commission, except that in the case of an application for renewal of an existing license, if an objection to a renewal has not been filed with the commission by the local legislative body not less than 30 days before the date of expiration of the license, the approval of the local legislative body shall not be required. * * * *Upon request of the local legislative body after due notice and proper hearing by the local legislative body and the commission, the commission shall revoke the license of a licensee* granted a license to sell beer, wine, or spirits for consumption on the premises * * *." MCL 436.17; MSA 18.988. (Emphasis added.)

The Michigan Supreme Court in *Bundo v Walled Lake,* 395 Mich 679, 686; 238 NW2d 154 (1976), has interpreted § 17 to require the commission to revoke or deny renewal of a liquor license when the local legislative body requests such action and has given proper notice and hearing to the licensee. Thus, a local government unit is given broad power to control the existence of liquor licenses within its jurisdiction.

However, the Court in *Bundo* stated that the power of local communities to control the traffic of alcoholic beverages was not without limits. The Court held:

"[This] power * * * is extremely broad but does not permit local legislative bodies to act arbitrarily and capriciously and further, when the local bodies conduct themselves in such a manner their actions are reviewable by the courts." *Id.,* 700-701.

The Court noted that the words "arbitrary" and "capricious" have generally accepted meanings.

Arbitrary means "fixed or arrived at through an exercise of will or by caprice, without consideration or adjustment with reference to principles, circumstances, or significance", and capricious means "apt to change suddenly; freakish; whimsical". *Id.,* 703, fn 17; *United States v Carmack,* 329 US 230, 243; 67 S Ct 252; 91 L Ed 209 (1946).

As noted by this Court in *Pease v St Clair Shores City Council,* 85 Mich App 371; 271 NW2d 236 (1978), a review of whether the local legislative body's disposition of a liquor license was arbitrary and capricious is hampered by the absence of any standards against which to measure the decision. In *Pease,* this Court looked to decisions from other jurisdictions to determine what factors may legitimately support the denial of an application for a liquor license. Among the factors this Court found persuasive was the unfitness of the particular building within which the intoxicating liquor was to be sold, such as where the building failed to conform to applicable established health, safety, or fire codes. *Id.,* 374; *Thielen v Kostelecky,* 69 ND 410; 287 NW 513 (1939). Although *Pease* dealt with the denial of an application for a liquor license, we are persuaded that the fitness and safety of the particular building in which the liquor business is carried on is relevant to a determination of whether a liquor license in such a building should not be renewed or should be revoked. In this case, the township board's findings of fact showed that plaintiff's building failed to conform to established health and fire safety codes. Such violations might justify a township board's seeking to revoke or objecting to the renewal of plaintiff's liquor license.

Although the township board's decision in this case appears reasonable insofar as it rested on

legitimate grounds, we are concerned about the general lack of guidelines or standards which form the basis for the local body's request for revocation or nonrenewal of a liquor license. Plaintiff argues persuasively that a liquor licensee has the right to know what criteria must be met in order to fulfill the requirements for maintaining or renewing a liquor license and that the lack of standards to give notice of such criteria violates a licensee's right to due process of law.

In *Bundo v Walled Lake, supra,* the Michigan Supreme Court held that the holder of a liquor license has a property interest in such a license and therefore is entitled to due process protection. 395 Mich 695, see also *Bisco's Inc v Liquor Control Comm,* 395 Mich 706; 238 NW2d 166 (1976). The procedural safeguards that the Court deemed necessary regarding a decision by the local body to recommend nonrenewal of a license consist of "rudimentary due process". This has been held to require notice of the proposed action and the reasons given for such, a hearing in which the licensee may present evidence and testimony and confront adverse witnesses, and a written statement of findings. *Sponick v Detroit Police Dep't,* 49 Mich App 162, 189; 211 NW2d 674 (1973). Thus, the Court extended the "notice and hearing" protection, afforded under the Michigan Liquor Control Act only to licensees faced with a revocation of a liquor license, to those faced with a recommendation of nonrenewal of the license.

Due process safeguards are designed to protect a liquor licensee from arbitrary or capricious decision-making by the local legislative body. We conclude that such due process also requires that the licensee be given notice of what criteria would result in a local body's initiation of nonrenewal or revocation proceedings.

In *Mallchok v Liquor Control Comm,* 72 Mich App 341; 249 NW2d 415 (1976), this Court held that the commission's denial of an application for a distributor's license was invalid because the denial was based on a commission policy which had not been promulgated or published as a rule or regulation. The Administrative Procedures Act and MCL 436.7; MSA 18.977 require that commission policies be promulgated into rules and regulations. However, this Court also noted that, without such promulgation, a lack of standards to guide the commission in the exercise of its discretion could result in arbitrary decision-making.

Similarly, in *Stafford's Restaurant of Bloomfield, Inc v West Bloomfield Twp Board,* 82 Mich App 607; 267 NW2d 461 (1978), this Court held that a township board's denial of a liquor license application on the basis of an unpublished policy was invalid. Not only had the township failed to publish its policy as required by law, but the policy itself was held to be impermissibly vague.

In the instant case we are not concerned with the technicalities of promulgating rules or publishing policies. The Administrative Procedures Act does not apply to an elected township board exercising its discretion with respect to decisions regarding liquor licenses. We cite these cases to show this Court's concern with the effect a lack of standards has on a township board's decision-making process and the potential resulting harm to a liquor licensee under Michigan's statutory scheme which delegates to the local body the authority to mandate revocation or nonrenewal.

Both *Mallchok* and *Stafford* dealt with applications for a liquor license. Until the applicant obtains the license, he has no property interest in the license. *Bisco's, Inc v Liquor Control Comm,*

*supra,* 395 Mich 718, fn 15. If an applicant for a liquor license is entitled to some kind of notice of standards which guide a local body's decision-making, then we conclude that a liquor licensee, who has a property interest in the license, is entitled to the same protection. As the Michigan Supreme Court stated in *Osius v St Clair Shores,* 344 Mich 693, 700; 75 NW2d 25 (1956), when striking down a zoning ordinance for lack of standards, "[w]ithout definite standards an ordinance becomes an open door to favoritism and discrimination". We find in this case that the absence of standards promotes arbitrary and capricious actions on the part of the local legislative body, and the lack of fair notice of such standards violates a licensee's right to due process.

We do not propose to establish standards upon which a local legislative body must base its decision to recommend nonrenewal or revocation of a license to the Liquor Control Commission. As Judge Beasley stated in his dissenting opinion in *Stafford, supra,* "It is definitely not a matter for a court to substitute its judgment for the elected legislators under the guise of applying constitutional due process or constitutional equal protection." 82 Mich App 617. We simply hold that due process requires a local legislative body to establish some standards or guidelines which provide liquor licensees with notice of what criteria will result in the initiation of license nonrenewal or revocation proceedings. The standards need not be established with great specificity because we do not seek to unduly burden a local community's broad power to control the alcoholic beverage traffic in its area. For example, standards which state that a violation of local health or safety ordinances or the maintenance of a nuisance

would result in nonrenewal or revocation proceedings would be sufficient to afford a licensee with due process protection. All we require is that "the [standards] be fair and equitable, capable of explanation and understanding, and most of all, determined and announced in advance of [their] being instituted". *Fuller Central Park Properties v City of Birmingham,* 97 Mich App 517, 530; 296 NW2d 88 (1980) (dissenting opinion by Judge D. C. RILEY).

We find plaintiff's remaining issue on appeal to be without merit.

Reversed.