## BUNN v LIQUOR CONTROL COMMISSION

Docket No. 61161. Submitted January 4, 1983, at Grand Rapids.—
Decided April 20, 1983. Leave to appeal denied, 418 Mich 852.

Joe H. Bunn owned a bar in Hartford, Michigan. He sold the
premises, business and fixtures to David F. Lawson and the
liquor licenses were transferred to Lawson. The sale agreement
provided that in the event of a default Lawson would reassign
the licenses to Bunn. Lawson defaulted and Bunn began fore-
closure proceedings. Meanwhile, the Hartford city council held
a public hearing and voted to recommend to the Liquor Control
Commission that Lawson's licenses be revoked. The commission
ordered revocation. Bunn petitioned the commission for permis-
sion to intervene in the commission's proceedings against Law-
son, which was denied. Bunn received a favorable judgment in
his foreclosure action against Lawson. He thereafter requested
a hearing before the city council on his request to have the city
recommend reinstatement of the liquor licenses. The city re-
fused the request, and Bunn brought an action in Van Buren
Circuit Court seeking the issuance of the licenses to him. The
circuit court, Meyer Warshawsky, J., granted Bunn's motion
for summary judgment and required the Liquor Control Com-
mission to issue the licenses to Bunn and allow him to operate
the bar. The commission appealed. *Held:*

1. Plaintiff had no legitimate claim of entitlement to the
licenses when they were held by Lawson. Therefore, he was not
entitled to notice and a right to be heard in the revocation
proceedings against Lawson. However, once he had foreclosed
upon the property, he had a legitimate claim of entitlement to
the licenses based upon the contractual agreements by which
the property and business were sold.

2. The plaintiff is entitled to rudimentary due process protec-

REFERENCES FOR POINTS IN HEADNOTES

[1-3, 5] 45 Am Jur 2d, Intoxicating Liquors §§ 189-191.
  Right to hearing before revocation or suspension of liquor license.
  35 ALR2d 1067.
[2, 3, 5] 45 Am Jur 2d, Intoxicating Liquors § 183.
[3, 5] 45 Am Jur 2d, Intoxicating Liquors § 177.
[4] 45 Am Jur 2d, Intoxicating Liquors § 117.

tion because of his property interest in the licenses. This consists of notice of any proposed action and the reasons for the action, a hearing at which he may present evidence and testimony and confront adverse witnesses, a written statement of the findings of the legislative body, and notice of what criteria, if met, would result in the legislative body's initiation of nonrenewal or revocation proceedings.

3. The proper remedy herein was not to order issuance of the licenses, but to direct the city council to entertain the plaintiff's request for transfer of the licenses, affording plaintiff the due process protections to which he is entitled.

4. Plaintiff was not guilty of laches in the bringing of this action, nor is the Liquor Control Commission prejudiced by having to act on the request for transfer.

5. Plaintiff's action was not barred by a statute of limitations or by res judicata.

Affirmed in part, modified, and remanded for further proceedings.

E. A. QUINNELL, J., concurred. He further would hold that plaintiff's property right in the licenses was sufficient to entitle him to notice of the city council proceedings and the Liquor Control Commission's revocation proceedings involving Lawson's licenses.

1. INTOXICATING LIQUORS — LIQUOR LICENSES — JUDICIAL REVIEW.

   The Liquor Control Commission is required to revoke or deny renewal of a liquor license when the local legislative body requests such action and has given proper notice and hearing to the licensee; however, the local government's exercise of power is reviewable by the courts (MCL 436.17; MSA 18.988).

2. INTOXICATING LIQUORS — LIQUOR LICENSES — PROPERTY INTEREST — DUE PROCESS.

   The holder of a liquor license has a property interest in that license and is entitled to due process protection consisting of notice of a proposed action regarding the license and the reasons for the action, a hearing in which the licensee may present evidence and testimony and confront adverse witnesses, a written statement of the finding of the body taking the action, and notice of what criteria, if met, would result in the local body's initiation of nonrenewal or revocation proceedings.

3. INTOXICATING LIQUORS — LIQUOR LICENSES — PROPERTY INTEREST — DUE PROCESS.

   A party who has a reversionary interest in a liquor license is

entitled to due process protection when he seeks to have the license transferred back to himself.

4. PROPERTY — PROPERTY INTEREST — GOVERNMENT-CONFERRED BENE-
        FITS.

    A person must have a legitimate claim of entitlement in a government-conferred benefit in order to have a property interest in that benefit.

5. INTOXICATING LIQUORS — LIQUOR LICENSES — PROPERTY INTEREST
        — DUE PROCESS.

    A party who has sold a bar on a promissory note and security agreement with a provision that, in the event of default, the buyer be required to reassign the liquor licenses to the seller has a reasonable and legitimate claim of entitlement to the licenses after he has foreclosed upon the property following a default by the buyer and is entitled to rudimentary due process in a hearing before the local govenment body on his request for retransfer of the licenses to himself.

Joe H. Bunn, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Frank J. Pipp* and *Larry F. Brya,* Assistants Attorney General, for defendant.

Before: MACKENZIE, P.J., and R. B. BURNS and E. A. QUINNELL,* JJ.

R. B. BURNS, J. Defendant Michigan Liquor Control Commission (MLCC) appeals from the trial court's opinion and order of November 12, 1981, which granted plaintiff's motion for summary judgment pursuant to GCR 1963, 117.2(3). This order required the MLCC to issue plaintiff a Michigan Class C liquor license, along with a Specially Designated Merchant's (SDM) license, and allow him to operate Joe's Bar within the City of Hartford, Michigan.

* Circuit judge, sitting on the Court of Appeals by assignment.

The parties have stipulated to the following facts. Plaintiff owned and operated Joe's Bar in Hartford, Michigan, from 1972 until June 22, 1978. In 1978, plaintiff sold the bar to David F. Lawson. This sale was by land contract for the premises, while the business and its fixtures were sold on a promissory note and security agreement. These agreements contained a provision which required Lawson to reassign the licenses to plaintiff in the event of default.

Lawson began to experience financial difficulty in the spring of 1979. On May 1, 1979, he failed to pay the real estate taxes on the building when they became due. On May 1, 1979, he defaulted in his monthly payments due plaintiff.

On September 5, 1979, after holding a public hearing and taking testimony from Lawson and others, the Hartford City Council voted to request revocation of Lawson's liquor license. Notice of this hearing was served personally upon Lawson and posted on the front door of city hall on August 13, 1979. Further notice by publication was provided in the classified section of the Herald-Palladium newspaper on August 18, 1979. Pursuant to its decision, the council recommended to the MLCC that Lawson's liquor licenses be revoked. The MLCC did so on September 25, 1979, with its order of revocation becoming effective on September 28, 1979.

During the interim, plaintiff commenced foreclosure proceedings against Lawson in Van Buren County Circuit Court on September 12, 1979. Plaintiff also petitioned for intervention in the MLCC's proceedings against Lawson on October 10, 1979. The MLCC had scheduled a show cause hearing because Lawson no longer qualified for the SDM license due to the loss of his Class C license.

The hearing concerning both of these petitions was held October 16, 1979. On October 29, 1979, the MLCC found plaintiff was not a licensee of record and therefore denied intervention by him.

On November 15, 1979, Lawson filed suit in Van Buren County Circuit Court seeking judicial review of the revocation actions of both the city and the MLCC.

On March 7, 1980, plaintiff received a favorable judgment from the circuit court in his foreclosure action against Lawson. Pursuant to this judgment, the real estate was sold on May 23, 1980, and the personal property was sold on August 26, 1980.

On April 17, 1980, the circuit court entered an opinion in Lawson's suit against the city and the MLCC. The circuit court upheld the council's recommendation that Lawson's liquor license be revoked and concluded there was no basis for vacating the revocation effected by the MLCC.

Four days after reacquiring the premises, plaintiff appeared before the city council to request a hearing concerning his petition to have the city recommend reinstatement of his liquor licenses. The council refused plaintiff's request for a hearing. On June 30, 1980, plaintiff filed his complaint in the present action.

On April 6, 1981, plaintiff filed a motion for summary judgment, pursuant to GCR 1963, 117.2(3). The circuit court granted this motion on November 12, 1981, based upon this Court's decision of *Barr v Pontiac City Comm,* 90 Mich App 446; 282 NW2d 348 (1979).

The MLCC appealed on November 25, 1981, and moved the circuit court for a stay of proceedings pending this appeal. The trial court denied the motion, but this Court granted a stay of the circuit court order on December 18, 1981.

The Michigan Supreme Court has interpreted MCL 436.17; MSA 18.988 to require the MLCC to revoke or deny renewal of a liquor license when the local legislative body requests such action and has given proper notice and hearing to the licensee. *Bundo v Walled Lake,* 395 Mich 679; 238 NW2d 154 (1976). Thus, local governments are given broad power to control liquor licenses within their jurisdictions. The *Bundo* Court noted, however, that the local government's exercise of power is reviewable by the courts. *Id.,* 700-701.

The Court in *Bundo* also found that the holder of a liquor license has a property interest in that license and is entitled to due process protection. 395 Mich 695; see, also, *Bisco's, Inc v Liquor Control Comm,* 395 Mich 706; 238 NW2d 166 (1976). The due process a liquor license holder was entitled to consisted of "rudimentary due process". Such due process consists of notice of the proposed action and the reasons given for this action, a hearing in which the licensee may present evidence and testimony and confront adverse witnesses, and a written statement of findings on the part of the body taking the action. 395 Mich 696-697.

To the procedural safeguards mandated by the Supreme Court, this Court has also found that due process requires the licensee be given notice of what criteria would result in a local body's initiation of nonrenewal or revocation proceedings. *Roseland Inn, Inc v McClain,* 118 Mich App 724; 325 NW2d 551 (1982).

This Court has also found that a party who has a reversionary interest in a liquor license is entitled to rudimentary due process protection when he seeks to have that license transferred back to himself. In *Barr, supra,* the plaintiff or his family

had operated a bar business within the city for 30 years. The plaintiff sold the business, including the licenses, while retaining a security interest in the business. Thirteen years later, the purchaser of the business defaulted. The plaintiff foreclosed and sought to have the licenses transferred back to his possession. When the MLCC requested a recommendation from the defendant city, it adopted a resolution of disapproval. There was no hearing on the petition nor any reason given for rejecting the transfer. Following the resolution of disapproval, a complaint for superintending control was filed in the circuit court. The circuit court ordered the city to hold a formal hearing with written notice to the plaintiff and to submit its recommendations in writing, together with the reasons therefor, to that court.

Following its compliance with the required procedure, the city issued another resolution of disapproval. The trial court directed the city to recommend approval to the MLCC. The city appealed to this Court which considered whether the plaintiff had a property interest requiring rudimentary due process protections and, if so, whether the city's actions following the hearing mandated by the trial court were arbitrary and capricious.

This Court noted that there is no protected interest in a mere expectation that a new license applicant or transferee might possess. *Barr, supra,* p 451; see, also, *Bisco's, supra,* p 718, fn 15. The *Barr* Court, however, distinguished its case from that of one petitioning for a new or transferred license.

The Court found, 90 Mich App 453:

"Heeding the foregoing, we look to the nature of the transaction and the agreements involved to classify the plaintiff's status. Plaintiff sold to Epps as his transferee.

The sale was conditioned on the license transfer. Once transferred, the grantee sought and was granted regular renewals. Had he not defaulted on his obligation to plaintiff, he would have continued to have a property right in renewals under *Bisco's* and *Bundo.*

"Similarly, the plaintiff sold something of value to his grantee. Without the liquor license, the value of the property diminishes greatly. While plaintiff's interest in the license is not 'title' *per se,* it is a much stronger interest than that of a new applicant or proposed transferee.

"We conclude that plaintiff has a reversionary interest, which is a property right, entitling him to the minimum due process hearing described in *Bundo.*"

In the *Barr* case, as well as in the present case, the property interest created was created by two private parties within the context of a private transaction.

*Bundo, supra,* and the United States Supreme Court cases of *Board of Regents v Roth,* 408 US 564; 92 S Ct 2701; 33 L Ed 2d 548 (1972), and *Perry v Sindermann,* 408 US 593; 92 S Ct 2694; 33 L Ed 2d 570 (1972), dealt with property interests created by either contract or license between the individual and the government, *i.e.,* a benefit conferred by the government. Since the state's action in the present case is regarding the benefit, plaintiff must have an interest in the benefit in order to be entitled to rudimentary due process. The Court noted in *Roth* that a person must have a "legitimate claim of entitlement" to have a property interest in a benefit. 408 US 577, quoted in *Bundo, supra,* p 692.

In the present case, at the time of Lawson's revocation hearing, plaintiff had no legitimate claim of entitlement to Lawson's license. Plaintiff's claim to the license was contingent upon Lawson's forfeiture on the related security agreement and

plaintiff's foreclosure on this agreement. Because the hearings took place six months before plaintiff reacquired the premises and four to five months before the trial court ordered Lawson to transfer his license and any rights he may have to that license to plaintiff, plaintiff did not have sufficient property interests in the license held by Lawson to entitle him to notice of and a right to be heard at the revocation proceedings concerning Lawson's liquor license.

However, once plaintiff foreclosed upon the property, he held a reasonable and legitimate claim of entitlement to the liquor licenses. The trial court in the foreclosure action provided in its judgment and order that plaintiff regain all of his liquor licenses from Lawson. We are of the opinion that Lawson's loss of the licenses should not affect plaintiff's legitimate claims to them.

Initially, it should be noted that rule 19, 1979 AC, R 436.1119, as promulgated by MLCC, prevents the seller of a licensed retail business from obtaining a security interest in the license. See *In re Rudy's, Inc,* 23 BR 1 (Bkrtcy, ED Mich, 1981).

Apparently, the MLCC, and most certainly the courts, have distinguished between security interests taken in liquor licenses and contracts for reassignment. See *e.g., August v Poznanski,* 383 Mich 151; 174 NW2d 807 (1970); *McBride v Arends,* 79 Mich App 440; 263 NW2d 5 (1977).

The Legislature has recognized both the right to sell the business and to transfer the underlying license. MCL 436.17; MSA 18.988; MCL 436.19b; MSA 18.990(2). Commonly, sales are conditioned upon approval of the transfer by the MLCC. See *Landa v Schmidt,* 362 Mich 561; 107 NW2d 816 (1961). Under the liquor licensing regulations, a transfer of a liquor license cannot be completed

prior to final disposition of an alleged violation. 1980 AACS, R 436.1049(1); R 436.1061.

These rules also prohibit a licensee from selling or transferring an interest in the underlying business licensed by the commission without prior written approval of the commission. 1980 AACS, R 436.1023, subds (1) and (4).

In the present case, because plaintiff's sale of the business, including the underlying contractual arrangements, was approved by the MLCC, his expectation of retransfer, should any problems arise, was legitimate. As the Court noted in *Perry v Sindermann, supra,* "[a] person's interest in a benefit is a 'property' interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing". 408 US 601.

Based upon plaintiff's legitimate understanding that his security arrangements were legitimate and recognized by the MLCC, plaintiff is entitled to rudimentary due process as provided by the Court in *Barr v Pontiac City Comm, supra,* p 449.

In the present case, however, the trial court did not order defendants to recognize plaintiff's due process rights but rather ordered the MLCC to grant plaintiff's application for retransfer of his license. In our opinion, the proper remedy is to remand with direction that the circuit court order the city council to entertain, via proper notice and hearing, plaintiff's request for retransfer of the licenses. See *Barr, supra,* p 449. Following his hearing, the council should adopt a resolution of approval or disapproval with a statement of the underlying reasons for its action. That action, of course, is reviewable by the circuit court.

Defendant's claim that plaintiff is guilty of

laches or has violated the applicable statute of limitations is refuted by the stipulated facts in this case. The stipulation indicates that Lawson did not default in monthly payments until May 1, 1979, and that plaintiff commenced foreclosure proceedings on September 12, 1979. Further, it is undisputed that plaintiff had to reacquire these premises before seeking retransfer of the Lawson liquor license. Plaintiff obtained these premises on May 23, 1980, and petitioned the city council for reinstatement on May 27, 1980, a period of four days later.

Further, MLCC rules prohibited transfer of the license until final resolution of Lawson's revocation proceedings. There is no evidence within the record of any final action concerning Lawson's SDM license. See 1980 AACS, R 436.1049(1); R 436.1061. The appeal concerning revocation of the Class C license was dismissed December 30, 1980.

This Court further finds it difficult to believe that the MLCC is prejudiced by either having to award Lawson's license to plaintiff or consider his petition for retransfer. The MLCC avers in its brief that it reviewed over 10,000 applications for new licenses, transfers of licenses or changes in existing licenses during 1981.

The MLCC next asserts plaintiff should have sought judicial review of the revocation of Lawson's license and its refusal to allow him to intervene in those proceedings. Further, it alleges any action in the present case is barred by the statute of limitations, *i.e.,* MCL 24.302; MSA 3.560(202), as well as MCL 24.304; MSA 3.560(204), which provides 60 days to appeal from an order of an administrative agency. This argument is ludicrous in light of the MLCC's previous argument concerning the divisibility of these two actions. Further,

the MLCC admitted in the proceedings below and on appeal that plaintiff had no notice of these actions nor took any part in them. Therefore, we conclude that the statute of limitations regarding appeal in Lawson's case does not bar plaintiff's present action.

Defendant further claims that res judicata bars plaintiff's action. We disagree. Plaintiff is not asserting any rights which Lawson may or may not have had in his liquor licenses. See *Page v Asplundh Tree Expert Co,* 91 Mich App 408; 283 NW2d 759 (1979). Plaintiff only seeks to assert his due process right to a hearing regarding his reversionary interest in Lawson's liquor licenses. Because plaintiff has not had such a hearing, he may validly assert these rights in the present suit although he would be barred from relitigating the propriety of the Lawson hearing.

The grant of summary judgment is affirmed in part and modified. We remand the cause to the trial court for further proceedings consistent with this opinion.

MACKENZIE, P.J., concurred.

E. A. QUINNELL, J. *(concurring).* As the majority accurately notes, the courts of this state and the MLCC not only recognize the validity of security interests in property, they also recognize the enforceability of contracts for reassignment of liquor licenses. Based on *Bundo v Walled Lake,* 395 Mich 679; 238 NW2d 154 (1976), and *Barr v Pontiac City Comm,* 90 Mich App 446; 282 NW2d 348 (1979), I would hold that plaintiff did have a property right in the license in question sufficiently great so as to entitle him to notice of the hearing before the city council as well as the MLCC revocation proceeding involving Lawson's liquor licenses.

The giving of such notice would not present any undue burden, in that the MLCC is aware of the identity of persons having such interests in licensed establishments. 1979 AC, R 436.122; 1980 AACS, R 436.1023.

Since the Lawson revocation proceedings are now completed, I concur in the remedy set forth in Judge BURNS' opinion.