CHARPENTIER v CANTEEN CORPORATION

Docket No. 50669. Submitted March 4, 1981, at Lansing.—Decided April 22, 1981. Leave to appeal applied for.

Mildred Charpentier applied for workers' compensation benefits for a disability which arose out of and in the course of her employment with Canteen Corporation. An administrative law judge ordered the employer and its insurer, CNA Insurance Company, to pay weekly benefits. That order was not appealed but within 30 days Charpentier's counsel received a payment of 70% of the award. Five days later a delayed application for review was filed and was subsequently denied by the Workers' Compensation Appeal Board. No appeal was taken from that denial, and 60 days later Charpentier's counsel received payment of the remaining compensation due. Subsequently, the claimant sought and was granted a hearing on the penalty provision of the Worker's Disability Compensation Act. It was contended that payment was not timely. The board found in favor of the employer, and the claimant applied for leave to appeal to the Court of Appeals. The application was denied, and the claimant sought leave to appeal to the Supreme Court. The Supreme Court, in lieu of granting leave to appeal, remanded to the Court of Appeals for consideration of the question as to when the statutory 30-day period providing for payment before the penalty for delayed payment becomes effective begins to run. 408 Mich 864 (1980). *Held:*

The statute provides a penalty where payment of an award is not made "within 30 days after becoming due and payable in cases where there is no ongoing dispute". Thus, there are two requirements which must be met before commencement of the 30-day grace period: the benefits must be due and payable; and there must be no ongoing dispute. An award is considered to be in dispute while review or appeal is pending and during the time periods permitted for filing a claim for review or for appeal. In this case, the employer acted within the grace period when paying the 70% and in filing the delayed application for

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes §§ 145, 146.
[2] 82 Am Jur 2d, Workmen's Compensation § 658.

review. Following the board's denial of the application, the matter remained in dispute until the 30-day period for filing an appeal to the Court of Appeals had expired. At that time the 30-day grace period began to run, and payment was received near the end of that grace period. The payment was therefore timely, and the penalty provision does not apply.

Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION.

The cardinal rule of statutory construction is to determine and give effect to the intent of the Legislature; when alternative interpretations are possible a court must attribute to the Legislature the most probable and reasonable intention and, if possible, avoid construing a particular provision in a manner which would negate another provision.

2. WORKERS' COMPENSATION — DELAY IN PAYMENTS — PENALTIES — STATUTES.

The statute providing for payment of a penalty by an employer who delays payment of workers' compensation benefits for more than 30 days requires that the benefits be due and payable and that there be no ongoing dispute; an award is considered to be in dispute while review or appeal is pending and during the time periods permitted for filing a claim for review or for appeal (MCL 418.801[2]; MSA 17.237[801][2]).

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *Granner S. Ries),* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Jonathan T. Kopit),* for defendants.

Before: M. F. CAVANAGH, P.J., and ALLEN and J. H. GILLIS, JJ.

J. H. GILLIS, J. This workers' compensation case is before us following remand from the Supreme Court for consideration as on leave granted. *Charpentier v Canteen Corp,* 408 Mich 864; 289 NW2d 683 (1980). It involves interpretation of the penalty provision of the Worker's Disability Compensation Act, which punishes employers or insurers who

delay benefit payments. MCL 418.801(2); MSA 17.237(801)(2).

The facts of this case are not overly complex. Following a hearing on September 1, 1977, an administrative law judge determined that plaintiff was disabled and that her disability arose out of and in the course of her employment with defendant Canteen Corporation. An order mandating the payment of weekly benefits was mailed by the bureau on April 13, 1978. Although defendants did not appeal as of right from the decision,[1] on May 10, 1978, counsel for plaintiff received a check from defendant insurer for 70% of the award. MCL 418.862; MSA 17.237(862). A delayed application for review was filed on May 15, 1978, but denied by the Workers' Compensation Appeal Board on June 9, 1978. Defendants did not apply for leave to appeal to this Court. On August 8, 1978, plaintiff's counsel received a check for the remaining compensation due.

Plaintiff subsequently filed a petition for hearing on the penalty provision of the act, asserting that payment was not timely under that subsection. A hearing was held, and, on January 10, 1979, an administrative law judge found in defendants' favor. The board affirmed with an order mailed on May 16, 1979.

MCL 418.801(2); MSA 17.237(801)(2) provides:

"If weekly compensation benefits, accrued weekly benefits, medical bills, or travel allowance are not paid within 30 days after becoming due and payable in cases where there is no ongoing dispute, $50.00 per day shall be added and paid to the worker for each day over 30

---

[1] Under MCL 418.851; MSA 17.237(851) a party may file a claim for review by the Workers' Compensation Appeal Board within 15 days of the hearing referee's decision. The board may grant review beyond 15 days for sufficient cause shown.

days in which the compensation, medical bills, or travel allowance are not paid. Not more than $1,500.00 in total may be added pursuant to this subsection."

The administrative law judge and the board determined that the 30-day grace period does not begin to run until an award is due and payable *and* there is no longer an ongoing dispute. They concluded in this instance that the dispute continued during the 15-day period following the initial award, and during the 30 days following the board's June 9, 1978, denial of delayed review.[2]

In its order of remand, the Supreme Court directed us to consider:

"[W]hether the Legislature intended that the 30-day period specified in MCL 418.801(2); MSA 17.237(801)(2), begins to run (a) on the date the order granting compensation benefits is mailed, (b) on the date the order granting compensation benefits is received by the employer, (c) on the fourteenth day after the order granting compensation benefits is received by the employer (see the 1977 amendment to MCL 418.801[1]; MSA 17.237[801][1]), or (d) as found by the Worker's Compensation Appeal Board." 408 Mich 864; 289 NW2d 683 (1980).

Defendants assert that the board correctly applied the provision, while plaintiff argues that the first alternative suggested by the Supreme Court is the proper approach. In effect, plaintiff contends that the 30-day period commences when an award is made (that is, when the relevant order is mailed), and that the ongoing nature of the dispute only delays the actual assessment of the daily fine.

---

[2] MCL 418.861; MSA 17.237(861) provides a 30-day period for application for appeal to this Court from a decision of the board. See also GCR 1963, 806.6(1).

We agree with the parties that alternatives (b) and (c) are unacceptable. Alternative (b) utilizes the date of receipt of the bureau's order as a starting point. Such a rule is simply not feasible, since that information is only possessed by the employer. An employer faced with the prospect of a $50 per day penalty may be inclined to claim a later date than that on which the order actually arrived. The date of mailing, on the other hand, provides a verifiable reference point since the bureau date-stamps the outgoing orders.

Likewise we reject alternative (c), which suggests that the grace period commence on the fourteenth day following receipt by the employer. This alternative misconstrues MCL 418.801(1); MSA 17.237(801)(1).[3] That subsection refers to the time the employer has initial notice of the disability or death of the employee. When compensation is undisputed by the employer it is due and payable within 14 days of such notice. However, an employer may dispute a compensation claim, as defendants did below, and apply for a hearing before a referee. MCL 418.847; MSA 17.237(847). Therefore, the subsection in question is only pertinent to the penalty provision in cases where the employer does not even initially dispute the disability claim.

The cardinal rule of statutory interpretation is to determine and effectuate the intent of the Legislature. *Melia v Employment Security Comm,* 346 Mich 544, 562; 78 NW2d 273 (1956). When alternative interpretations are possible a court must attribute to the Legislature the most probable and reasonable intention. *Board of Education of Oak-*

---

[3] MCL 418.801(1); MSA 17.237(801)(1) provides in part:

"Compensation shall be paid promptly and directly to the person entitled thereto and shall become due and payable on the fourteenth day after the employer has notice or knowledge of the disability or death, on which date all compensation then accrued shall be paid."

*land Schools v Superintendent of Public Instruction,* 392 Mich 613, 619; 221 NW2d 345 (1974). If at all possible, the construction of a particular provision should avoid the negation of another. *Franges v General Motors Corp,* 404 Mich 590, 611; 274 NW2d 392 (1979).

We believe the statute was correctly applied by the administrative law judge and the board. We interpret the phrase "within 30 days after becoming due and payable in cases where there is no ongoing dispute" as imposing two requirements for the commencement of the 30-day grace period: (1) the benefits must be due and payable;[4] and (2) there must be no ongoing dispute. An award is to be considered in dispute while review or appeal is pending and during the time periods permitted for filing a claim for review or of appeal.

Here, the hearing referee's award was mailed on April 13, 1978. Defendants had a right to review by the board through April 28, 1978.[5] Once that 15-day period had passed, there was no longer an ongoing dispute and the 30-day grace period began to run. Defendants paid 70% of the award on May 10, 1978, and filed a delayed application for review

[4] Benefits are due and payable on the fourteenth day after the employer has notice or knowledge of the disability or death in undisputed cases. MCL 418.801(1); MSA 17.237(801)(1). In cases that are litigated through the hearing level benefits become due and payable upon the issuance of the hearing referee's decision and order. MCL 418.851; MSA 17.237(851). They remain due and payable until a contrary decision is obtained from the board or the appellate courts.

[5] MCL 418.851; MSA 17.237(851) does not expressly state when the 15-day period for filing for review is to begin. The preceding sentence refers to the filing of the hearing referee's decision with the bureau, and the prior statute was interpreted as setting the filing date as the starting point. *Sovey v Ford Motor Co,* 279 Mich 313, 315; 272 NW 689 (1937). Nonetheless, the bureau's own forms advise parties that the time period · runs from the date the decision is mailed. The bureau's interpretation is the preferable one. The delay between the time of filing and the actual mailing could otherwise deprive a litigant of the right to review.

five days later, in each instance acting within the grace period. Although the board denied defendants' application on June 9, 1978, the matter remained in dispute until the 30-day appeal period to this Court had run. Therefore, the grace period for payment had not yet ended when plaintiff's counsel received the award on August 8, 1978.

We believe that this construction is more reasonable than that advanced by plaintiff and more likely to be in keeping with the intent of the Legislature; it effectively preserves the right of review and to appeal while still requiring payment that is reasonably prompt. We disagree with plaintiff's suggestion that an employer considering appeal to this Court should be prepared at the conclusion of the first 30 days from the board's decision to either file the claim of appeal or make payment. That period is legitimately one when the claim is in dispute and often the decision to appeal will rightfully be delayed until the conclusion of that time. A claim may be the subject of settlement negotiations while the decision to appeal is pending. To require delivery of payment within this same time period could unduly infringe upon an employer's decision to appeal. *Cf., T C Fuller Plywood Co v Moffett*, 231 Miss 382; 95 So 2d 475 (1957).

Plaintiff is also incorrect in asserting that this interpretation will encourage delayed applications for review to the board. While we would be naive to presume that employers do not at times base their decisions to seek review upon a desire to delay payment, that end is more likely to be met by the filing of a timely appeal that will be considered on its merits. Further, a delayed appeal cannot indefinitely stay the assessment of the penalty. Here, defendants applied within the 30-day grace

period. Had their application been delayed beyond that time, a penalty would have resulted.

Finally, our interpretation does not work undue hardship upon compensation beneficiaries by making them wait for complete payment. By statute, claimants receive 70% of their weekly benefits during the pendency of review or appeal. MCL 418.862; MSA 17.237(862), *McAvoy v H B Sherman Co,* 401 Mich 419; 258 NW2d 414 (1977). They are not deprived of income during that period.

Affirmed.