DeKIND v GALE MANUFACTURING COMPANY

Docket No. 61294. Submitted December 9, 1982, at Grand Rapids.—
Decided May 5, 1983. Leave to appeal denied, 418 Mich 852.

A Bureau of Workers' Disability Compensation hearing referee
determined that Willie DeKind, an employee of Gale Manufac-
turing Company, suffered a compensable injury on June 7,
1966. The referee granted DeKind an open award of compensa-
tion. The Workers' Compensation Appeal Board affirmed the
decision of the referee. The parties thereafter entered into an
agreement by which Gale Manufacturing agreed to pay total
and permanent disability benefits as of January 1, 1973. In
1978, DeKind filed a petition claiming that Gale did not make
the payments on a regular basis and that Gale had reduced the
benefits by 5%. The referee held that the payments could not
be reduced and that Gale was required to pay a penalty for late
payments in the amount of $1,500. Both parties appealed to the
appeal board, which upheld the decision of the referee. DeKind
applied to the Court of Appeals for leave to appeal and Gale
applied for leave to cross-appeal, but leave was denied in an
unpublished order dated March 2, 1981. The parties sought
leave to appeal to the Supreme Court. The Supreme Court, in
lieu of granting leave to appeal and leave to cross-appeal,
remanded the case to the Court of Appeals for consideration as
on leave granted, 412 Mich 868 (1981). *Held:*

1. The $1,500 penalty provision applies to each period in
which compensation benefits are not paid and for which an
injured worker has filed a petition for a hearing on the nonpay-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 73 Am Jur 2d, Statutes §§ 145, 204.
[3] 73 Am Jur 2d, Statutes § 295.
[4, 6, 9] 82 Am Jur 2d, Workmen's Compensation § 658.
[5] 73 Am Jur 2d, Statutes §§ 136, 137, 141.
[6] 82 Am Jur 2d, Workmen's Compensation §§ 620, 622.
[7, 9] 73 Am Jur 2d, Statutes § 354.
    81 Am Jur 2d, Workmen's Compensation § 34.
    82 Am Jur 2d, Workmen's Compensation § 653 *et seq.*
[8] 82 Am Jur 2d, Workmen's Compensation § 652.
[10] 73 Am Jur 2d, Statutes §§ 22, 25.

ment. The appeal board properly limited DeKind's recovery under the penalty provision to $1,500 since he filed only one petition alleging late or improper payments.

2. The amendments to the Worker's Disability Compensation Act which include the penalty provision do not violate the title-object clause of the Michigan Constitution.

3. The language of the statute governing the manner and method of payment of workers' compensation benefits is not vague and does not present an opportunity for levying an excessive penalty contrary to due process.

4. The statute governing the manner and method of payment of workers' compensation benefits applies retroactively to work-related injuries which occurred before the effective date of the statute.

5. Bankruptcy proceedings by Gale do not absolve it of the responsibility of paying workers' compensation benefits.

6. The penalty provision of the Worker's Disability Compensation Act is not limited to enforcement in the circuit court only. An award is in dispute after the decision of the hearing referee until the time periods permitted for review or appeal have expired, and the review contemplated is by the Workers' Compensation Appeal Board, not the circuit court.

7. The term "shall" as used in the penalty provision of the Worker's Disability Compensation Act should be deemed to have a mandatory meaning.

Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION.

The cardinal rule when a court interprets a statutory provision is to determine and effectuate the intent of the Legislature; in order to do so, the court must first review the specific language of the disputed provision, giving all of the terms their plain and ordinary meaning in the absence of a contrary legislative intent.

2. STATUTES — JUDICIAL CONSTRUCTION.

A court, when construing an ambiguous statutory provision which allows alternative interpretations, may refer to any factors which may advance the most probable and reasonable legislative intent.

3. STATUTES — PENALTY PROVISIONS — JUDICIAL CONSTRUCTION.

A penalty provision in a statute is to be strictly construed in favor of the person being penalized.

4. Workers' Compensation — Nonpayment of Benefits — Penalty Provisions.

The $1,500 penalty provision of the Worker's Disability Compensation Act applies to each period in which compensation benefits are not paid and for which an injured worker has filed a petition for a hearing on the nonpayment (MCL 418.801[2]; MSA 17.237[801][2]).

5. Constitutional Law — Statutes — Title-Object Clause.

A title to an amendatory act is sufficient under the title-object clause of the constitution if the amendment would have been allowable under the title of the original law and if the amendment refers by section to the act amended and gives its title (Const 1963, art 4, § 24).

6. Workers' Compensation — Delay in Payment — Penalties — Statutes.

The statute providing for payment of a penalty by an employer who delays payment of workers' compensation benefits for more than 30 days requires that the benefits be due and payable and that there be no ongoing dispute; an award is considered to be in dispute while review or appeal is pending and during the time periods permitted for filing a claim for review or for appeal (MCL 418.801[2], 418.847; MSA 17.237[801][2], 17.237[847]).

7. Workers' Compensation — Payment of Benefits — Remedial Legislation — Retroactive Application.

The section of the Worker's Disability Compensation Act which sets forth the manner and time for payment of compensation applies to the case of a worker injured in 1966 even though the effective date of the statute was March 30, 1978; the section is remedial legislation, does not create new compensation for an injured worker, nor does it create a new liability for an employer (MCL 418.801[2]; MSA 17.237[801][2]).

8. Workers' Compensation — Bankruptcy.

Bankruptcy proceedings will not absolve an employer of the responsibility of paying workers' compensation benefits.

9. Workers' Compensation — Payment of Benefits — Penalty — Disputed Awards.

The penalty provision of the Worker's Disability Compensation Act is not restricted to enforcement only in circuit court; an award by a hearing referee is in dispute until the time periods permitted for review or appeal have expired, and the review

contemplated is by the Workers' Compensation Appeal Board, not the circuit court (MCL 418.801[2]; MSA 17.237[801][2]).

10. WORKERS' COMPENSATION — PAYMENT OF BENEFITS — PENALTY — "SHALL".

The term "shall" as used in the penalty provision of the Worker's Disability Compensation Act should be deemed to have a mandatory meaning (MCL 418.801[2]; MSA 17.237[801][2]).

*McCroskey, Feldman, Cochrane & Brock* (by *Thomas D. Geil),* for plaintiff.

Amicus Curiae:

*Conklin, Benham, McLeod, Ducey & Ottaway, P.C.* (by *Martin L. Critchell),* for Michigan Self-Insurer's Association.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells),* for Gale Manufacturing Company.

Before: R. B. BURNS, P.J., and BEASLEY and M. B. BREIGHNER,* JJ.

R. B. BURNS, P.J. This case is before us on remand after the Supreme Court, in lieu of granting leave to appeal, ordered the Court of Appeals to consider the matter as on leave granted, 412 Mich 868 (1981).

It was previously determined by the Workers' Compensation Appeal Board (WCAB) that plaintiff received a compensable injury on June 7, 1966. A decision by a hearing referee granted plaintiff an open award on September 2, 1969, and was affirmed by the WCAB. The parties subsequently entered into an agreement in which defendant agreed to pay total and permanent disability benefits as of January 1, 1973. On July 19, 1978, plaintiff filed a petition claiming that the defen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dant did not make the payments on a regular basis and that defendant had reduced benefits by 5% in violation of *Brown v Saginaw Metal Casting Plants, Chevrolet Motor Division, General Motors Corp,* 68 Mich App 85; 241 NW2d 769 (1976).

The referee held that plaintiff's weekly payment could not be reduced and that defendant was required to pay a penalty for late payments in the amount of $1,500. The WCAB upheld the decision of the referee.

Plaintiff's application for leave to appeal was denied by this Court in an unpublished order on March 2, 1981. Plaintiff sought leave to appeal and defendant sought leave to cross-appeal to the Supreme Court. The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for consideration as on leave granted.

On appeal the plaintiff raises one issue and the defendant raises six issues.

The plaintiff raises the question whether MCL 418.801(2); MSA 17.237(801)(2) allows $1,500 in penalty payments in total, no matter how many compensation payments are delinquent, or whether that statute provides for a $1,500 penalty limitation for each delinquent payment.

The six issues raised by defendant are:

I. Whether MCL 418.801; MSA 17.237(801) violates the title-object clause of the Michigan Constitution.

II. Whether MCL 418.801; MSA 17.237(801) is unconstitutionally vague and allows the possibility of unconstitutionally excessive penalties.

III. Whether MCL 418.801; MSA 17.237(801) applies to a work-related injury which occurred on June 6, 1966, when the effective date of the statute was March 30, 1978.

IV. Whether defendant, a bankrupt former self-insurer under the Worker's Disability Compensation Act, can be liable under the penalty provision of MCL 418.801(2); MSA 17.237(801)(2).

V. Whether the penalty provision of MCL 418.801(2); MSA 17.237(801)(2) is enforceable only in circuit court, and whether the penalty provision begins to run from when the time for taking an appeal from circuit court runs.

VI. Whether the term "shall" in MCL 418.801(2); MSA 17.237(801)(2) is used to indicate that there is mandatory imposition of the penalty.

MCL 418.801(2); MSA 17.237(801)(2) states:

"If weekly compensation benefits, accrued weekly benefits, medical bills, or travel allowance are not paid within 30 days after becoming due and payable in cases where there is not an ongoing dispute, $50.00 per day shall be added and paid to the worker for each day over 30 days in which the benefits, medical bills, or travel allowance are not paid. Not more than $1,500.00 in total may be added pursuant to this subsection."

The parties are in disagreement as to the meaning of the final sentence of the section. Plaintiff argues that the $1,500 penalty limitation is meant to apply to each late payment. Defendant contends that the $1,500 is an absolute maximum which cannot be exceeded regardless of the number of late payments. We disagree with both parties' interpretation of the section.

This particular issue is one of first impression in Michigan. However, the penalty provision of MCL 418.801(2); MSA 17.237(801)(2) has been the subject of statutory interpretation recently by this Court. See *e.g., Clark v General Motors Corp, Chevrolet Assembly Plant,* 117 Mich App 387; 323 NW2d 714

(1982), and *Charpentier v Canteen Corp,* 105 Mich App 700; 307 NW2d 704 (1981).

The cardinal rule when a court interprets a statutory provision is to determine and effectuate the intent of the Legislature. *Charpentier,* p 704. To ascertain the Legislature's intent, the Court must first review the specific language of the disputed provision, giving all of the terms their plain and ordinary meaning in the absence of a contrary legislative intent. *Lamphere Schools v Lamphere Federation of Teachers,* 400 Mich 104; 252 NW2d 818 (1977); *Smith v Elliard,* 100 Mich App 25; 312 NW2d 161 (1981). When an ambiguity is found in a statutory provision, thus allowing alternative interpretations, the Court may refer to any factors which may advance the most probable and reasonable legislative intent. *Elliard,* p 30; *Charpentier, supra,* pp 704-705.

Contrary to defendant's position, the provision being contested is neither clear nor unambiguous and is in desperate need of interpretation. Defendant is correct in pointing out that a penalty provision is strictly construed in favor of the person being penalized. *Goetz v Black,* 256 Mich 564; 240 NW 94 (1932); *Bremer v Equitable Construction & Mortgage Corp,* 26 Mich App 204; 182 NW2d 69 (1970), *aff'd* 386 Mich 187 (1971). However, the language of the contested section will not allow defendant's interpretation to prevail even when strictly construed in its favor.

The parties are in disagreement as to the meaning of the final sentence. Plaintiff argues that the $1,500 penalty limitation is meant to apply to each late payment. Defendant contends that the $1,500 is an absolute maximum, regardless of the number of late payments.

In its most basic form, the statutory section in

question states: "If weekly compensation benefits are not paid within 30 days after becoming due, $50.00 per day shall be added and paid to the worker for each day over 30 days in which the compensation is not paid. Not more than $1,500.00 in total may be added pursuant to this subsection." The statute does not speak in terms of a "once-in-a-lifetime" penalty. Rather, it speaks in terms of *weekly* compensation benefits becoming due. In a limited sense, plaintiff's argument of the penalty section applying to each "occurrence" is correct. However, it does not appear to have been the intention of the Legislature to allow the payment of penalties in the sweeping manner in which plaintiff advocates.

Subsection 1 of § 801 begins by stating, "Compensation shall be paid promptly and directly to the person entitled thereto * * *". Subsection 1 also provides that compensation shall be paid in weekly installments. Subsection 2 is a penalty provision. Under the plain language of § 801 the penalty provision is to ensure that compensation is paid promptly and directly to the person entitled thereto. With that in mind, both plaintiff's argument and defendant's argument become untenable.

Defendant argues that no more than $1,500 in total may be awarded in penalties under § 801. One wonders how a $1,500 penalty is going to encourage, or more appropriately, require an employer to make prompt payments when they become due. Under defendant's argument an employer may withhold compensation benefits for two years, if he chooses, and then only be liable for $1,500 in penalties. A company could make much more than $1,500 from investments by withholding compensation benefits for such a long period of

time. In such a situation an employer who deliberately refuses to pay compensation benefits and chooses instead to invest that money in another manner will be in a better position than an employer who follows the statute and makes prompt and direct payments of compensation benefits. The Legislature could not have desired such a result.

Plaintiff's argument fares no better. As stated before, the penalty provision is to ensure prompt and direct payments of compensation benefits. The provision was not designed to provide an injured worker with a windfall. Under plaintiff's interpretation of the penalty provision an injured worker is encouraged to "sandbag" and not inform anyone of the fact that the employer is not meeting his obligations of paying compensation benefits. In our opinion § 801 was intended to discourage dishonesty and nondisclosure. Under both parties' arguments dishonesty and nondisclosure would be rewarded. The Legislature did not intend the section to have such an effect.

In our opinion the $1,500 penalty provision applies to each period in which compensation benefits are not paid and for which an injured worker has filed a petition for a hearing on the nonpayment. The filing of the petition will put the employer on notice that the worker is seeking not only the missed payment, but also the penalty. If a worker is required to file a petition every time a payment is missed, an employer may not later claim a lack of notice and the worker has avoided the appearance of collecting a windfall. At the same time, when an employer is put on notice as to each missed payment he may not later claim ignorance. If an employer wishes to continue withholding payments after being informed of his delinquency, he is entitled to do so. The worker is

also entitled to the full $1,500 penalty for each missed payment as provided in the statute.

By requiring a worker to file a petition for each missed payment, and by requiring an employer to pay the full penalty provision for each missed payment, the Legislature's intent is best realized. There is full disclosure by the parties and there is more likely to be prompt payment of the compensation benefits.

In this particular case we reach the conclusion that the WCAB properly limited plaintiff's recovery under the penalty provision to $1,500. Plaintiff filed only one petition alleging late or improper payments. He is therefore entitled to only one penalty.

We move now to the questions raised by defendant.

I. Defendant claims that the penalty provision in the amended section of 801 was not specifically alluded to in the title of the amendment. Therefore, defendant argues, the title was inadequate to express the object of the provision and the amendment is thereby rendered unconstitutional.

Const 1963, art 4, § 24 states:

"No law shall embrace more than one object, which shall be expressed in its title. No bill shall be altered or amended on its passage through either house so as to change its original purpose as determined by its total content and not alone by its title."

A title to an amendatory act is sufficient under the title-object clause of the constitution if the amendment would have been allowable under the title of the original law and if the amendment refers by section to the act amended and gives its title. *Fort-Street Union Depot Co v Comm'r of Railroads,* 118 Mich 340; 76 NW 631 (1898); *Staff-*

*ney v Fireman's Fund Ins Co,* 91 Mich App 745; 284 NW2d 277 (1979). The amendments to the Worker's Disability Compensation Act meet those requirements.

The title of the original act stated that the act was to promote the welfare of the people of this state by providing liability of employers for injuries sustained by their employees, by providing compensation for injuries resulting from occupational injuries and by providing methods for the payment of that compensation. Section 801(2) seeks to ensure prompt payment by providing for penalties when payment is not prompt. Section 801 is at least incidental and germane to the methods for the payment of compensation to an injured worker. Therefore, the title-object clause of the constitution is not violated. See *Midland Twp v State Boundary Comm,* 401 Mich 641; 259 NW2d 326 (1977).

II. Next, defendant claims that § 801 is vague and presents an opportunity for levying an excessive penalty contrary to due process.

Defendant claims that the "no ongoing dispute" language is vague. We find nothing vague about the language. MCL 418.847; MSA 17.237(847) provides that an employer may dispute a claim and apply for a hearing before a referee. If the employer chooses to demand a hearing, there is an ongoing dispute. In *Charpentier, supra,* the Court held that an award is to be considered disputed while review or appeal is pending and during the time periods provided for filing a claim for review or for seeking an appeal.

As to defendant's claim of an imposition of an excessive penalty, under our prior interpretation any penalty invoked by an employer would be caused by its own knowledgeable acts.

III. Defendant's next issue is whether MCL 418.801; MSA 17.237(801) applies to a work-related injury which occurred on June 6, 1966, when the effective date of the statute was March 30, 1978.

The Worker's Disability Compensation Act as a whole is essentially remedial legislation. *McAvoy v H B Sherman Co,* 401 Mich 419; 258 NW2d 414 (1977). It is our opinion that § 801(2) is also remedial legislation. The section does not create new compensation for an injured worker nor does it create a new liability for an employer. Rather, § 801(2) is an expansion of an injured worker's remedies for obtaining prompt payment of compensation benefits. Prior to the enactment of § 801(2) an injured worker could enforce an award under MCL 418.863; MSA 17.237(863), employing traditional common-law procedures. Section 801(2) simply expands an injured worker's remedies in obtaining prompt payment of compensation benefits. Thus, the section is properly termed "remedial" legislation. Regardless of the fact that plaintiff was originally injured on June 6, 1966, he is entitled to utilize § 801(2) after that section went into effect.

IV. The next issue is whether defendant, a bankrupt former self-insurer under the Worker's Disability Compensation Act, can be liable under the penalty provision of MCL 418.801(2); MSA 17.237(801)(2).

Although we need not address this issue because defendant has provided no citations to authority, *Brooks v January,* 116 Mich App 15; 321 NW2d 823 (1982), this specific issue was addressed in *In re Mansfield Tire & Rubber Co,* 660 F2d 1108, 1113 (CA 6, 1981). Mansfield was a self-insured employer under Ohio's worker's compensation act. In finding that Mansfield was not discharged under

bankruptcy from paying compensation benefits, the Court found that the workers' compensation insurance fund, and not the debtor's estate, pays the claims for which the employer has paid the premium. Therefore, the Court held that, as to claims arising out of the former self-insured status of Mansfield, the employees could collect from the Industrial Commission of Ohio which could then resort to the surety bonds pledged as security. The Court found that the bonds were the property of the commission and not assets of the debtor's estate.

Bankruptcy proceedings will not absolve an employer of the responsibility of paying compensation benefits. Defendant's argument must be rejected.

V. Defendant next raises the issues of whether the penalty provision of MCL 418.801(2); MSA 17.237(801)(2) is enforceable only in circuit court and whether the penalty provision begins to run from when the time for taking an appeal from circuit court runs.

We disagree with defendant that the penalty provision is enforceable only in the circuit court. MCL 418.863; MSA 17.237(863) is a separate provision from § 801(2). It would defeat the purposes of § 801 to rule that the penalty provision can be imposed and enforced only in the circuit court. Further, defendant is incorrect in its contention that an order cannot be deemed final for purposes of § 801 until the appeal has run in the circuit court. This Court has specifically held that an award is considered in dispute while a review or appeal is pending from the decision of the hearing referee. *Charpentier v Canteen Corp, supra,* p 705. See, also, *Clark v General Motors Corp, supra.*

Under the terms of § 801(2), an award is either in dispute or not in dispute. An award is in

dispute after the decision of the referee until the time periods permitted for review or appeal have expired. The review contemplated is by the WCAB, not the circuit court.

VI. The final issue raised is whether the term "shall" in MCL 418.801(2); MSA 17.237(801)(2) indicates mandatory imposition of the penalty.

Defendant contends that the word "shall" does not require imposition of a mandatory penalty but should be read as meaning "may", allowing discretion in imposition of a penalty. We disagree.

This Court has uniformly held that the word "shall" denotes mandatory, not discretionary action. *Delta County v Dep't of Natural Resources,* 118 Mich App 458; 325 NW2d 455 (1982). Defendant has not advanced any valid reason why "shall" should not be interpreted in the statute to mean "must". The term "shall" as used in § 801(2) should be deemed to mean mandatory imposition of a penalty.

The decision of the Workers' Compensation Appeal Board is affirmed.