ODETTE v LIQUOR CONTROL COMMISSION

Docket No. 92720. Submitted December 10, 1986, at Detroit. Decided
    May 25, 1988. Leave to appeal denied, 431 Mich 886.

Michael Odette, a deputy for the Oakland County Sheriff's De-
    partment, owned a building which was to be used as a commer-
    cial retail outlet. He entered into a lease agreement with
    Sunshine Food Corporation under which Sunshine would have
    a right to conduct any lawful business on the premises. Sun-
    shine, which was in the business of operating party stores,
    applied to the Liquor Control Commission for a transfer of its
    liquor license from its current store location to plaintiff's
    premises. The Liquor Control Commission conditioned its ap-
    proval of the transfer request on Odette's resignation from the
    sheriff's department or the sale of his rental property, citing
    the Liquor Control Act's prohibition of any interest in a liquor
    license by a police officer. Odette resigned from the sheriff's
    department and filed suit against the Liquor Control Commis-
    sion in Oakland Circuit Court seeking declaratory relief. The
    court, Richard D. Kuhn, J., granted declaratory relief in favor
    of plaintiff and permanently enjoined the Liquor Control Com-
    mission from denying or revoking a transfer to plaintiff's
    premises of Sunshine's liquor license. The Liquor Control Com-
    mission appealed.

    The Court of Appeals *held:*

    The Liquor Control Commission is vested with complete
    authority to regulate alcoholic beverage traffic subject only to
    limitations imposed by the Legislature. For this reason, and
    because the underlying facts were not disputed, the Court of
    Appeals' review is limited to determining whether the commis-
    sion's application of the Liquor Control Act prohibition to
    plaintiff is authorized by law and supported by competent,
    material, and substantial evidence. Under the facts of this case,
    it cannot be concluded that the commission's application of the

REFERENCES

Am Jur 2d, Declaratory Judgment §§ 1-4, 244.
Am Jur 2d, Intoxicating Liquors §§ 147 *et seq.,* 177 *et seq.*
See the Index to Annotations under Declaratory Judgments or
    Relief; Intoxicating Liquors.

act's prohibition to plaintiff is not authorized by law or is not supported by competent, material, and substantial evidence. The circuit court's grant of declaratory and injunctive relief in favor of plaintiff is reversed and the commission's determination conditioning the transfer of Sunshine's liquor license to plaintiff's rental property upon plaintiff's resignation from the sheriff's department or upon sale of plaintiff's premises is reinstated.

Reversed.

D. J. SHIPMAN, J., dissented. He would hold that the statute at issue only prevents a law enforcement officer from having an interest in a liquor license and that the fact that plaintiff is leasing the premises to a holder of a liquor license, without more, does not constitute an interest in a liquor license as contemplated by the Legislature in enacting the statute. He would affirm the circuit court's opinion and order.

1. JUDGMENTS — DECLARATORY JUDGMENT.

A declaratory judgment is a flexible remedy available to a party when necessary to guide the party's future conduct in order to preserve his or her legal rights.

2. APPEAL — DECLARATORY JUDGMENT — DE NOVO REVIEW.

The Court of Appeals' review of a declaratory judgment is de novo on the record.

3. INTOXICATING LIQUORS — LIQUOR LICENSES — PUBLIC OFFICIALS — LIQUOR CONTROL ACT.

A public official's financial benefits derived from, and his participation in, a business owning a liquor license is considered in determining whether the official has a direct or indirect interest in the liquor license for purposes of the Michigan Liquor Control Act (MCL 436.18[1]; MSA 18.989[1]).

4. INTOXICATING LIQUORS — LIQUOR LICENSES — LAW ENFORCEMENT OFFICERS — RENTAL PROPERTY — LIQUOR CONTROL ACT.

The Liquor Control Commission may lawfully condition a transfer of a lessee's liquor license to premises owned by a law enforcement officer on the officer's resignation from his employment as an officer or upon the selling of the premises; the receipt of rent from a licensee in such a situation inherently establishes a link between the law enforcement officer and the licensed tenant, creating a pecuniary relationship in which the officer's financial gain in the form of rental payments is related to the licensee's ability to maintain its license to continue selling liquor on the rental property (MCL 436.18[1]; MSA 18.989[1]).

Michael Odette, in propria persona.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Frank J. Pipp* and *Richard I. Rubin,* Assistant Attorneys General, for defendant.

Before: WAHLS, P.J., and MAHER and D. J. SHIPMAN,* JJ.

MAHER, J. Defendant, Michigan Liquor Control Commission (MLCC), appeals as of right from the trial court's opinion and order of May 1, 1986, granting declaratory relief in favor of plaintiff. The opinion and order also permanently enjoined MLCC from denying or revoking a transfer to plaintiff's premises of the liquor license belonging to plaintiff's tenant, Sunshine Food Corporation. The sole issue concerns whether MLCC may lawfully condition a transfer to plaintiff's premises of Sunshine's liquor license upon plaintiff's resignation from employment at the Oakland County Sheriff's Department or upon the selling of his premises.

The material facts are not in dispute. In the latter part of 1984, plaintiff began construction of a building in Oakland County to be used as a commercial retail outlet. Plaintiff also entered into a ten-year lease agreement with Sunshine, under the terms of which Sunshine would have a right to conduct any lawful business on the premises. Sunshine, which was in the business of operating party stores, applied to MLCC for a transfer of its liquor license from its current store location to plaintiff's premises. MLCC's decision to condition its approval of the transfer request on plaintiff's resignation from his employment with the sheriff's department or the sale of his rental property was

* Circuit judge, sitting on the Court of Appeals by assignment.

based on § 18 of the Michigan Liquor Control Act, MCL 436.18(1); MSA 18.989(1), which states:

> A person who holds or whose spouse holds, either by appointment or election, a public office which involves the duty to enforce any of the penal laws of the United States, or the penal laws of this state, or a penal ordinance or resolution of any municipal subdivision of the state, except civil defense volunteer policemen, mayors or council members of cities, or village presidents, or mayors of home rule cities whose law enforcement authority under the city charter is restricted to emergency situations, shall not be issued a license, or have an interest, directly or indirectly, in a license. However, a nonprofit fraternal organization incorporated under the laws of this state, whose membership is not totally composed of law enforcement personnel or public officeholders charged with the duty of enforcing any penal laws or ordinances of a governmental body, may be issued a club liquor license if the organization is otherwise qualified.

Plaintiff responded to MLCC's decision by resigning from his position as a county deputy and by filing suit. Plaintiff regained employment, however, after the trial court entered a temporary restraining order preventing MLCC from interfering with Sunshine's liquor license or plaintiff. The subject matter of this appeal is plaintiff's motion for declaratory relief made in the lower court. The motion was decided based on the parties' briefs and oral arguments and the undisputed facts contained therein.

On appeal, our first concern is the appropriate standard of review. A declaratory judgment is a flexible remedy. It is available to a party when necessary to guide the party's future conduct in order to preserve his or her legal rights. *Shavers v*

*Attorney General,* 402 Mich 554, 588; 267 NW2d 72 (1978), cert den sub nom *Allstate Ins Co v Kelley,* 442 US 934 (1979). Our review is de novo on the record. *Smith v Lumbermen's Mutual Ins Co,* 101 Mich App 78, 86; 300 NW2d 457 (1980), lv den 411 Mich 873 (1981). Here, the focus of plaintiff's motion was whether a law enforcement officer who leases property to an owner of a liquor license, without more, violates § 18's mandate that law enforcement officers not have an interest—directly or indirectly—in such a license. Under a provision in this state's constitution, Const 1963, art 4, § 40, MLCC is vested with complete authority to regulate alcoholic beverage traffic subject only to limitations imposed by the Legislature. *Bundo v Walled Lake,* 395 Mich 679, 699; 238 NW2d 154 (1976). For this reason and because the underlying facts were not disputed, we limit our review to determining whether MLCC's application to plaintiff of § 18 is authorized by law and supported by competent, material, and substantial evidence.[1]

In applying § 18, we are guided by the following rules of statutory construction:

> This Court's guiding principle of statutory interpretation is to determine and effectuate the intent of the Legislature. *Charpentier v Canteen Corp,* 105 Mich App 700, 704; 307 NW2d 704 (1981). To ascertain this intent, the Court must first review the specific language of the disputed provision, giving all terms their plain and ordinary meaning absent a contrary legislative intent. *Lamphere Schools v Lamphere Federation of Teachers,* 400

[1] We note that the scope of review applied by this Court to MLCC's regulation of alcoholic beverage traffic under the Liquor Control Act has not been the same in all cases. See *Kassab v Acho,* 150 Mich App 104, 109; 388 NW2d 263 (1986), lv den 426 Mich 862 (1986), discussing the scope of review followed when a license applicant contests MLCC's decision to deny the application. Given the legal issue and factual basis of this declaratory judgment action, we find that our limited scope of review adopted in this case is appropriate.

Mich 104, 110; 252 NW2d 818 (1977). When an ambiguity is found, resulting in alternative interpretations being possible, this Court may refer to any factors which may advance the most probable and reasonable legislative intention. *Charpentier, supra,* pp 704-705. [*Couture v General Motors Corp,* 125 Mich App 174, 177-178; 335 NW2d 668 (1983), lv den 418 Mich 884 (1983).]

We recognize that an act must be read in its entirety, with meaning being given to one section only after due consideration of other sections, so as to produce, if possible, a harmonious and consistent enactment as a whole. *Stratton-Cheeseman Management Co v Dep't of Treasury,* 159 Mich App 719, 724; 407 NW2d 398 (1987). We are also mindful that administrative interpretations of a statute by the agency responsible for that statute's administration are accorded deference by the courts and must be reviewed with respectful consideration. *Berrien Co v Michigan,* 136 Mich App 772, 782; 357 NW2d 764 (1984); *Bd of Ed of Oakland Schools v Superintendent of Public Instruction,* 401 Mich 37, 41; 257 NW2d 73 (1977).

The controversy in this case involves whether plaintiff had an "indirect" interest in Sunshine's liquor license. The term "indirect" has been defined in *The American Heritage Dictionary of the English Language* (1978), New College Edition, p 670, as follows:

> 1. Not taking a direct course; roundabout. 2. Not descending in a straight line of succession. Said of an inheritance or title. 3. a. Not straight to the point; circumlocutory. b. Evasive; devious. 4. Not directly planned for; secondary: *indirect benefits.* 5. Relating to or characteristic of indirect discourse. In this sense, also "oblique."

In Michigan case law, we find some guidance

regarding the factors which should be considered in deciding whether a party has an interest in a liquor license. In reviewing whether a party has a property interest in a liquor license requiring rudimentary due process protections, this Court has looked to the nature of the transaction and the agreement involved. See *Bunn v Liquor Control Comm,* 125 Mich App 84, 90-91; 335 NW2d 913 (1983), lv den 418 Mich 852 (1983). In reviewing whether a public official has a direct or indirect interest in a liquor license for purposes of § 18 of the Liquor Control Act, the Supreme Court has considered the financial benefits derived from, and the public official's participation in, the business owning the liquor license. See *In re Lawrence,* 417 Mich 248, 258-259; 335 NW2d 456 (1983).

Under the facts in this case, we cannot conclude that MLCC's application of § 18 is not authorized by law or is not supported by competent, material, and substantial evidence. We reach this decision based on the deference courts acknowledge for interpretations of a statute by an agency charged with the statute's enforcement, *Berrien Co, supra,* the legislative intent undergirding § 18, and the meaning derived from a logical reading of the statute itself.

The legislative intent behind § 18 is, in part, to avoid a situation in which a law enforcement officer is faced with a conflict of interest such that he or she is called upon to enforce a provision of the Liquor Control Act at a licensed premises in which he or she possesses even an indirect interest. We do not believe that that intent would be furthered where, as in the instant case, a law enforcement officer, functioning as a landlord, derives financial benefits in the form of rent from a licensee. The receipt of rent from a licensee in such a situation inherently establishes a link be-

tween the law enforcement officer and the licensed tenant, creating a pecuniary relationship in which the officer's financial gain in the form of rental payments is related to the licensee's ability to maintain its license to continue selling liquor on the rental property. Thus, control over the licensee's business operation or internal processes is not necessarily required to show that a landlord/law enforcement officer derives some indirect interest in the liquor license of a tenant. The statute itself requires the law enforcement officer to have only some form of indirect interest in a liquor license; actual control over the licensee's business operations or internal processes would constitute much more than an indirect interest.

Moreover, we cannot close our eyes to the link between a law enforcement officer and a liquor licensee which may be created by the mere payment of money. It is not unreasonable, we believe, to recognize that economic interests in our society often foster relationships of a very strong synergistic and symbiotic nature. Thus, the legislative intent behind § 18 may seriously be eroded by permitting a law enforcement officer to be placed into a situation in which his economic interest of retaining a paying commercial tenant, which relies upon its liquor license to generate profits, runs contrary to the performance of official duties which could lead to the revocation of the tenant's liquor license. Common sense and logic suggest that, in such a situation, a law enforcement officer, because of the rent received from the licensee, may indeed be tempted to perform his official duties not with total objectivity but with some regard to the effect such performance may have on his pocketbook. This is precisely the kind of conflict-inducing situation which § 18 seeks to avoid. As observed, perhaps cynically but certainly in-

sightfully, by Chaucer in *The Tale of Melibeus*,
"Alle thynges obeyen to moneye."

In conclusion, we disagree with the circuit court,
which reversed MLCC's determination because it
"was not supported by any of the underlying facts
and the agency's construction of the statute was
given the most unreasonable interpretation and
arbitrary application." We find that MLCC's deter-
mination is authorized by law and is supported by
competent, material, and substantial evidence. Ac-
cordingly, we reverse the circuit court's grant of
declaratory and injunctive relief in favor of plain-
tiff and reinstate MLCC's determination condition-
ing the transfer of Sunshine's liquor license to
plaintiff's rental property upon plaintiff's resigna-
tion from the sheriff's department or upon the sale
of plaintiff's premises.

Reversed. No costs, a question of first impression
being involved.

WAHLS, P.J., concurred.

D. J. SHIPMAN, J. *(dissenting)*. I respectfully dis-
sent. Long-standing administrative interpretations
of a statute, while entitled to considerable weight,
are not conclusive and cannot be used to override
a logical reading of the statute. *People v Dunn,*
104 Mich App 419, 425; 304 NW2d 856 (1981), and
*Stratton-Cheeseman Management Co v Dep't of
Treasury,* 159 Mich App 719, 724; 407 NW2d 398
(1987).

In the present case, we have not been presented
with a long-standing administrative interpretation
of MCL 436.18(1); MSA 18.989(1). Rather, MLCC
relies on its decisions rendered in 1983 and 1984
regarding other licensee transfer requests as sup-
port for its decision to condition Sunshine's trans-
fer request of a specially designated merchant beer

and wine license on plaintiff's resigning or selling his premises. Furthermore, I find no ambiguity in § 18. When construed with the Liquor Control Act, as a whole, it is clear that the purpose of this section is to prevent any conflict of interest between the law enforcement officer's interest in a liquor license and the law enforcement officer's special duty to enforce the provisions of the Liquor Control Act within his or her jurisdiction. See MCL 436.1(4); MSA 18.971(4). However, it is also clear that § 18 only prevents a law enforcement officer from having an interest in a liquor license. It does not foreclose all business relations between the law enforcement officer and a holder of a liquor license.

In this fact situation, the transaction in question is a lease agreement. There is nothing in the lease that ties its terms, conditions of default, or cash flow to the success or failure of the beer and wine license. Although it appears that plaintiff benefits from Sunshine's liquor license to the extent that Sunshine would not move its party store to plaintiff's premises unless MLCC approved the transfer of its liquor license, I do not believe that this constitutes an "indirect interest" in a liquor license as contemplated by the Legislature.

The undisputed facts are totally devoid of any participation by plaintiff in Sunshine's business or his receipt of financial benefits other than the rent Sunshine pays for the use of plaintiff's premises. Thus, I find that MLCC's application of § 18 to plaintiff was not authorized by law. Plaintiff's purely landlord-tenant relationship with Sunshine, without more, does not create an interest in Sunshine's liquor license. Accordingly, I would affirm the trial court's opinion and order.

Plaintiff has raised constitutional arguments in

support of the declaratory judgment in his favor. Plaintiff did not seek declaratory relief based on those constitutional issues. Consequently, I agree with the majority and decline to review those issues. *Harris v Pennsylvania Erection & Construction*, 143 Mich App 790, 795; 372 NW2d 663 (1985).

I would affirm.