TOWNSEND v M-R PRODUCTS, INC

Docket No. 103297. Submitted June 22, 1988, at Grand Rapids. Decided November 8, 1988. Leave to appeal applied for.

On February 3, 1982, the Bureau of Workers' Disability Compensation granted plaintiff Debra L. Townsend an open award of workers' compensation benefits payable by defendant M-R Products, Inc., for a back injury sustained in 1979. Defendant pursued an appeal before the Workers' Compensation Appeal Board, which on August 26, 1982, dismissed the appeal on the basis of defendant's failure to pay seventy percent of the benefits payable since April 2, 1982. Defendant thereafter continued to withhold payment. On January 6, 1983, plaintiff filed with the bureau a petition seeking the payment by defendant of the maximum statutory penalty of $1,500 for the nonpayment of benefits within thirty days of their due date where, as in this case, there is not an ongoing dispute. A hearing referee awarded the penalty requested and the WCAB affirmed the award on appeal. Defendant continued to withhold payments. Plaintiff began filing a series of copies of the penalty petition filed January 6, 1983, changing only the filing dates. A hearing was held on the petitions, resulting in an award of penalties totalling $22,500. On appeal, the WCAB reduced the penalty award to $1,500. Plaintiff sought and was granted leave to appeal in the Court of Appeals.

The Court of Appeals *held:*

The $1,500 penalty provision of the Workers' Disability Compensation Act applies to each period in which compensation benefits are not paid and for which an injured worker has filed a petition for a hearing on the nonpayment. In this case, sufficient notice was given to defendant despite plaintiff's failure to specify the weekly period of missed payment addressed by each petition.

Reversed and remanded.

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 649 *et seq.*

Tort liability of worker's compensation insurer for wrongful delay or refusal to make payments due. 8 ALR4th 902.

WORKERS' COMPENSATION — NONPAYMENT OF BENEFITS — PENALTY PROVISIONS.

The $1,500 penalty provision of the Workers' Disability Compensation Act applies to each period in which compensation benefits are not paid and for which an injured worker has filed a petition for a hearing on the nonpayment (MCL 418.801[2]; MSA 17.237[801][2]).

*Timothy J. Bott Law Offices, P.C.* (by *Frederick W. Bleakley*), for plaintiff.

*Walton, Smith, Phillips & Dixon, P.C.* (by *Geoff G. Smith*), for defendant.

Before: MACKENZIE, P.J., and BEASLEY and M. G. HARRISON,* JJ.

PER CURIAM. Plaintiff appeals by leave granted from an opinion and order of the Workers' Compensation Appeal Board reducing from $22,500 to $1,500 the amount of penalties owed her for defendant employer's failure to pay compensation benefits. We reverse.

Plaintiff injured her back in 1979 while working for defendant. By a decision dated February 3, 1982, and mailed March 11, 1982, she was granted an open award of workers' compensation benefits. Defendant, which was self-insured for workers' compensation purposes, appealed the decision. While the appeal was pending, defendant sent to plaintiff one payment for seventy percent of compensation covering the period from February 3, 1982, to April 9, 1982. See MCL 418.862; MSA 17.237(862). On August 26, 1982, the WCAB dismissed defendant's appeal after notification that defendant had failed to make seventy percent payments to plaintiff since April 2, 1982.

Defendant continued to withhold compensation

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

payments after its appeal was dismissed. MCL 418.801(2); MSA 17.237(801)(2) authorizes the penalization of an employer when benefits are not paid within thirty days after becoming due where there is not an ongoing dispute. On January 6, 1983, pursuant to that statute, plaintiff filed in the Bureau of Workers' Disability Compensation a petition for penalty payment. A decision dated April 8, 1983, granted a $1,500 penalty to plaintiff. The referee made the following findings:

> It is found that on 8-26-82, defendant's appeal was dismissed by the appeal board for failure to make the required 70% payments (defendant admits that the payments were not made). It is further found that defendant took no action to reinstate appeal. It is further found that defendant has not complied with the terms of Administrative Law Judge Mikko's award of benefits dated 2-3-82.
>
> Since more than 60 days have elapsed since defendant's obligation to pay benefits commenced, following dismissal of their appeal, defendant is hereby ordered to pay penalties to plaintiff in the amount of $1,500.00 in accordance with section 418.801(2) of the Act.

Defendant appealed, and the WCAB affirmed by opinion and order of February 10, 1984. No further appeal was taken.

When defendant continued to withhold payments, plaintiff's attorney began filing in the compensation bureau a series of copies of the petition filed January 6, 1983, with the date of each petition changed to the current date. Each petition read:

> This petition filed for the sole purpose of requesting penalty payments upon the failure of the defendant to make payment in accordance with

the decision of the administrative law judge dated 2/3/82 and mailed from the Bureau on 3/11/82.

Additionally, plaintiff's attorney filed a circuit court complaint to obtain payment. On July 17, 1984, the court entered an opinion and judgment ruling that defendant owed plaintiff $19,457.91 as of June 9, 1984. That judgment did not purport to encompass penalty payments requested after February 10, 1984.

About May 10, 1985, defendant filed in the compensation bureau an "answer to multiple penalty petitions." Hearings were held before a bureau referee on May 22, 1985, and August 12, 1985. The referee granted penalties totaling $22,500 by decision mailed October 16, 1985. He attached the following schedule:

Penalty Petition received by the Bureau 9/8/83 covers all overdue payments from the date of the last Penalty Petition (received 12/20/82 and adjudicated 4/8/83) through 8/8/83. The maximum penalty of $1,500.00 is due.

Penalty Petition received by the Bureau 10/10/83 covers payments overdue from 8/15/83 through 9/4/83. The maximum penalty of $1,500.00 is due.

Penalty Petition received by the Bureau 11/10/83 covers payments overdue from 9/12/83 through 10/10/83. The maximum penalty of $1,500.00 is due.

Penalty Petition received by the Bureau 12/27/83 covers payments overdue from 10/17/83 through 11/21/83. The maximum penalty of $1,500.00 is due.

Penalty Petition received by the Bureau 1/25/84 covers payments overdue from 11/28/83 through 12/19/83. The maximum penalty of $1,500.00 is due.

Penalty Petition received by the Bureau 2/22/84 covers payments overdue from 12/26/83 through

1/16/84. The maximum penalty of $1,500.00 is due.

Penalty Petition received by the Bureau 3/21/84 covers payments overdue from 1/23/84 through 2/13/84. The maximum penalty of $1,500.00 is due.

Penalty Petition received by the Bureau 5/16/84 covers payments overdue from 2/20/84 through 4/9/84. The maximum penalty of $1,500.00 is due.

Penalty Petition received by the Bureau 9/14/84 covers payments overdue from 4/16/84 through 8/13/84. The maximum penalty of $1,500.00 is due.

Penalty Petition received by the Bureau 12/17/84 was withdrawn by Plaintiff's attorney at the hearing on 8/12/85.

Penalty Petition received by the Bureau 2/25/85 covers any payments overdue from 8/20/84 through 1/21/85. The maximum penalty of $1,500.00 is due.

Penalty Petition received by the Bureau 3/27/85 covers payments overdue from 1/28/85 through 2/18/85. The maximum penalty of $1,500.00 is due.

Penalty Petition received by the Bureau 4/24/85 covers payments overdue from 2/25/85 through 3/18/85. The maximum penalty of $1,500.00 is due.

Penalty Petition received by the Bureau 5/2/85 covers payments overdue from 3/25/85 through 4/1/85. The maximum penalty of $1,500.00 is due.

Penalty Petition received by the Bureau 5/15/85 covers payments overdue from 4/8/85. The maximum penalty of $1,500.00 is due.

Penalty Petition received by the Bureau 5/30/85 covers payments overdue from 4/15/85 through 4/29/85. The maximum penalty of $1,500.00 is due.

The next weekly payment after 4/29/85 came due on 5/6/85. On 5/29/85, Defendant paid $254.96 to cover the weekly payments of 5/6/85, 5/13/85, 5/20/85 and 5/27/85. Regular weekly payments of $60.99 commenced on 6/3/85 and have continued thereafter to the date of hearing on 8/12/85. All Penalty Petitions filed after 5/30/85 are improperly filed since they cover periods during which compensation has been properly

paid. Therefore, Plaintiff's claims raised in the Petitions received by the Bureau 6/19/85, 6/26/85, 7/5/85 and 7/10/85 are hereby denied.

Defendant appealed. The WCAB set aside all but one $1,500 penalty by opinion and order of August 24, 1987. The sole issue on appeal is whether that decision is the product of an erroneous application of MCL 418.801(2); MSA 17.237(801) as construed by this Court in *DeKind v Gale Mfg Co,* 125 Mich App 598; 337 NW2d 252 (1983), lv den 418 Mich 852 (1983).

MCL 418.801(2); MSA 17.237(801)(2) provides:

If weekly compensation benefits, accrued weekly benefits, medical bills, or travel allowance are not paid within 30 days after becoming due and payable in cases where there is not an ongoing dispute, $50.00 per day shall be added and paid to the worker for each day over 30 days in which the benefits, medical bills, or travel allowance are not paid. *Not more than $1,500.00 in total may be added pursuant to this subsection.* [Emphasis added.]

The construction of the above-emphasized statutory language was addressed in *DeKind, supra.* In *DeKind,* the defendant employer was to pay to the plaintiff worker workers' compensation benefits as of January, 1973. In 1978, the employee filed his first and only penalty petition claiming that the employer had not made the payments on a regular basis. This Court concluded that, because the plaintiff had filed only one petition alleging late or improper payments, he was entitled to only one penalty. *DeKind, supra,* p 607. The rationale for this conclusion was that, while the $1,500 penalty provision applies to each period in which compensation benefits are not paid, a petition putting the employer on notice that the worker is seeking the

penalty for that period is necessary to trigger entitlement. The *DeKind* Court stated:

> If a worker is required to file a petition every time a payment is missed, an employer may not later claim a lack of notice and the worker has avoided the appearance of collecting a windfall. At the same time, when an employer is put on notice as to each missed payment he may not later claim ignorance. If an employer wishes to continue withholding payments after being informed of his delinquency, he is entitled to do so. The worker is also entitled to the full $1,500 penalty for each missed payment as provided in the statute.
>
> By requiring a worker to file a petition for each missed payment, and by requiring an employer to pay the full penalty provision for each missed payment, the Legislature's intent is best realized. There is full disclosure by the parties and there is more likely to be prompt payment of the compensation benefits. [125 Mich App 606-607.]

Here, after reviewing *DeKind,* the WCAB concluded:

> The court's intent was to have plaintiff file penalty petitions for specific weekly periods in which compensation benefits were not paid, not merely file the same xeroxed petition, which did not specify any weekly period but only changed the signatory date, as was done in the instant case.
>
> *    *    *
>
> In the instant case plaintiff did not file a penalty petition every time a payment was missed, instead she filed one non-specific petition several times. We, therefore, reach the same conclusion as did the *DeKind* Court; plaintiff having filed only one petition alleging late or improper payments is entitled to only one penalty.

We are of the opinion that the WCAB has applied

*DeKind* in an overly narrow fashion, exalting form over substance. The clear purpose of the *DeKind* individual-petition requirement is to protect employers from employees who sit back and do not complain about late payments, only to file one petition at a later date claiming entitlement to the maximum penalty for each week of late payment. In this case, however, plaintiff has consistently complained about late payments and has continuously notified defendant of its missed payments and her intent to seek a penalty. As plaintiff recognizes in hindsight, the better procedure would have been to specify the weekly period addressed in each petition she filed. We cannot agree with the WCAB that her failure to do so was fatal to her claims, however. By filing multiple petitions, plaintiff successively put defendant on notice that she was seeking the $1,500 penalty. *DeKind* requires no more. The WCAB's reading of *DeKind* protects an employer who deliberately refused to pay compensation benefits even in the face of the worker's longstanding efforts to collect compensation and penalties. This reading is in direct contradiction with the intent of the *DeKind* panel.

Clearly, under *DeKind,* if defendant wished to withhold payments after receipt of plaintiff's several petitions, it was entitled to do so. Equally clear under *DeKind,* once that option was chosen by defendant, plaintiff was also entitled to the full $1,500 penalty for each missed payment as provided in the statute. Accordingly, we reverse the opinion and order of the WCAB and remand for reinstatement of the referee's award mailed October 16, 1985.

Reversed and remanded.